[No. 6872–2–III.   Division Three.   December 4, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND PATRICK GREEN, *Appellant*.

*James R. Kane* and *Olson, Loeffler & Landis,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Clark D. Colwell, Deputy,* for respondent.

MUNSON, J.—Raymond Patrick Green appeals the Superior Court's imposition of a sentence beyond the presumptive sentencing range for his convictions for attempted first degree (premeditated) murder (RCW 9A.32.030(1)(a)) and first degree robbery (RCW 9A.56.200). The issues are: (1) whether there was sufficient evidence for the jury to find beyond a reasonable doubt the attempted murder was premeditated; (2) whether the court erred in denying Mr. Green's motion for new trial based upon alleged prosecu-

torial misconduct; (3) whether the court erred in calculating Mr. Green's offender score based upon its finding that the two crimes did not encompass the same criminal conduct; and (4) whether the court abused its discretion in imposing a sentence exceeding the standard range based upon the aggravating factors of manifest cruelty and sophistication. We vacate the sentence and remand for resentencing.

On the night of August 13, 1984, Mr. Green drove to Spokane from Colville, accompanied by a 10–year–old neighbor boy, intending to "do some burglaries." He brought a .22 caliber pistol, binoculars, and gloves. Between 3 and 3:30 a.m., while the boy was sleeping in the car, Mr. Green entered a Winchell's donut shop located in Spokane. Mr. Green jumped the counter, brandished the handgun, and threatened the sole employee, John Lamb. He ordered Mr. Lamb to retrieve the cash drawer from the register, which he did.

Taking the cash drawer, he ordered Mr. Lamb to walk toward the back of the store. As Mr. Lamb was walking, Mr. Green struck him on the back of the head with the butt of the gun causing him to fall, face down, onto the floor. The testimony as to what happened next was disputed. Mr. Lamb testified that as he lay on the floor, Mr. Green calmly shot him in the back and then left the room. After a few moments, Mr. Lamb began to scream, and Mr. Green then returned, shooting him in the back a second time.

Mr. Green, on the other hand, testified he was extremely nervous after taking the money. He stated he shot Mr. Lamb, who screamed, then shot him again. Only then did he run from the store.

After his arrest, Mr. Green confessed to the robbery and shooting. He admitted that prior to the robbery, he had surveyed Winchell's with binoculars, looking for surveillance cameras. He also conceded he shot Mr. Lamb because he had seen his face and he was afraid of being identified.

A jury convicted Mr. Green of attempted first degree murder and first degree robbery. At the sentencing hearing, the court, over Mr. Green's objections, declared these two crimes did not encompass the same criminal conduct for

purposes of the sentencing guidelines, RCW 9.94A.010 *et seq.* Thus, the court included each of the convictions as a separate crime in the criminal history (other current offenses) in arriving at the standard range for each.[1] The court also believed that the presence of aggravating factors justified the imposition of a sentence outside the presumptive sentence range on the conviction for attempted first degree murder. Although the standard range within the sentencing guidelines for attempted first degree murder with an offender score of 3 is 203.25 to 270.75 months,[2] the court imposed an exceptional sentence outside the standard range, *i.e.*, a term of 480 months (40 years), effectively doubling his presumptive sentence (RCW 9.94A.370). Mr. Green appeals.

Mr. Green initially asserts that although there was evidence to support the finding of his intent to kill, there was insufficient evidence to establish premeditation. The standard for determining the sufficiency of evidence is whether, after viewing the evidence most favorably to the State, any rational trier of fact could have found premeditation beyond a reasonable doubt. *State v. Guloy,* 104 Wn.2d 412, 417, 705 P.2d 1182 (1985), *cert. denied,* ___ U.S. ___, 89 L. Ed. 2d 321, 106 S. Ct. 1208 (1986); *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980). While Mr.

---

[1]Mr. Green's offender scores were computed as follows: On the attempted first degree murder scoring form, his 1978 conviction for second degree burglary (a nonviolent felony) counted as a 1. The inclusion of the current first degree robbery (a violent felony) conviction counted as a 2. Thus, Mr. Green's offender score on that scoring form equaled 3. Likewise, on the first degree robbery scoring form, his previous burglary conviction counted as a 1. The conviction for attempted first degree murder (a serious violent felony) counted as a 2. Thus, Mr. Green's offender score equaled 3 on the first degree robbery scoring form also. See appendices A and B for the trial court's computation. The forms used in these appendices are taken from the Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* pt. III (1984).

[2]This standard range is arrived at as follows: Mr. Green had an offender score of 3 calling for a standard sentence range of 271 to 361 months on the first degree murder scoring form. However, because the crime charged was only attempted murder, the standard range is reduced to only 75 percent of the normal range. RCW 9.94A.410.

Green correctly contends intent and premeditation are not synonymous, *State v. Brooks,* 97 Wn.2d 873, 876, 651 P.2d 217 (1982), a rational trier of fact could have found premeditation beyond a reasonable doubt given: (1) Mr. Green stood over Mr. Lamb's prone body reflecting on what to do prior to shooting him; (2) Mr. Lamb testified Mr. Green appeared calm at the time of the shooting; (3) Mr. Green fired the first shot, left, and returned to fire a second shot into Mr. Lamb's back; and (4) Mr. Green testified the shooting was not an accident. This evidence supports the jury's finding of premeditation. RCW 9A.32.020(1); *State v. Bingham,* 105 Wn.2d 820, 823, 719 P.2d 109 (1986).

Next, Mr. Green contends the prosecutor's weeping during the closing arguments, combined with his comments of "that's not right", constituted prosecutorial misconduct. Although the record does not clearly indicate whether the prosecutor actually wept, our analysis assumes he did. First, the prosecutor's emotional closing argument does not appear to be so prejudicial as to warrant reversal. The court instructed the jury: "Throughout your deliberations you will permit neither sympathy nor prejudice to influence you." These instructions substantially mitigated any prejudicial effect of the weeping. *See State v. Papadopoulos,* 34 Wn. App. 397, 400–01, 662 P.2d 59, *review denied,* 100 Wn.2d 1003 (1983).

The prosecutor's remarks also do not appear to have prejudiced Mr. Green. Although when taken out of context the statements appear to be improper expressions of personal opinion, such statements "are to be reviewed in light of the total argument, the issues in the case, the evidence discussed during the argument, and the instructions given." *State v. Mathe,* 35 Wn. App. 572, 582, 668 P.2d 599 (1983), *aff'd,* 102 Wn.2d 537, 688 P.2d 859 (1984) (without comment on this issue).

Here, the remarks were addressed to Mr. Green's contention the shootings were not premeditated. Additionally, the jury was properly cautioned regarding counsel's remarks, statements, and arguments. Moreover, Mr. Green failed to object to the remarks, suggesting they were not

perceived as prejudicial when considered in context. *See State v. Peyton,* 29 Wn. App. 701, 713, 630 P.2d 1362, *review denied,* 96 Wn.2d 1024 (1981). For these reasons, we find the comments on the part of the prosecutor harmless beyond a reasonable doubt.

Mr. Green next argues the two crimes for which he was convicted encompassed the "same criminal conduct" for purposes of calculating his offender score. Because the court concluded the two crimes were separate, his offender score was elevated from 1 to 3, rather than 2, on the first degree robbery and first degree murder scoring forms. Although Mr. Green admits "the robbery and attempted murder would not merge for purposes of indictment," he maintains the crimes were part of a single, continuing sequence of events. Thus, for sentencing purposes, the crimes encompassed the same criminal conduct, RCW 9.94A.400(1)(a), and should not have been counted on the other's scoring form. We are constrained to agree.

First, although not defined in the act, the phrase "[s]eparate crimes encompassing the same criminal conduct" has been interpreted in two recent decisions. In *State v. Edwards,* 45 Wn. App. 378, 725 P.2d 442 (1986), the defendant kidnapped a victim in her car at gunpoint. While stopped at a fire station, the victim cried for help. As a third person attempted to give aid, the defendant threatened him with the gun. That defendant was subsequently charged with second degree kidnapping and second degree assault. The trial court determined that these crimes were separate for sentencing purposes. In reversing that decision the *Edwards* court, at page 382, stated:

> [W]e find that Edwards' actions encompassed the same criminal conduct. The kidnapping of the supervisor and the assault on the paramedic were intimately related; there was no substantial change in the nature of the criminal objective. The kidnapping was continuing and still in progress at the time the assault occurred. Moreover, the assault was committed in furtherance of the kidnapping.

Although we do not adopt all of the *Edwards* reasoning and would disagree with its result, its interpretation of the

phrase "encompassing the same criminal conduct" is illustrative.

More on point, however, is this court's recent decision in *State v. Franklin,* 46 Wn. App. 84, 729 P.2d 70 (1986). There, the defendant entered a pizza parlor, demanded money, and forced the clerk to turn her back and kneel. He then stabbed her twice in the back. Given the offenses were committed at the same location, at the same time, and against the same victim, this court concluded the offenses of attempted first degree murder and first degree robbery encompassed the same criminal conduct. *Franklin,* at 90.

Second, our analysis is aided by reference to other analogous language. For example, a similar phrase, "same course of conduct", is set out in the juvenile justice act. RCW 13.40.020(6)(a). *State v. Adcock,* 36 Wn. App. 699, 706, 676 P.2d 1040, *review denied,* 101 Wn.2d 1018 (1984) interpreted that phrase to include offenses "committed as part of any ordered or continuing sequence or under any recognizable scheme or plan." *See also State v. Calloway,* 42 Wn. App. 420, 423–24, 711 P.2d 382 (1985) ("same course of conduct" if there is no substantial change in the nature of the criminal objective). Although we note the purposes behind the juvenile justice act are somewhat different from those of the sentencing reform act (SRA), *Adcock's* interpretation of similar language presents a sound analogy here. *See* Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* pt. II, § 9.94A.400 comment, at II–40 (1984).

Moreover, *State v. Erickson,* 22 Wn. App. 38, 42, 587 P.2d 613 (1978) interpreted the phrase "crime based on the same conduct or arising from the same criminal episode" (italics omitted) set out in the *ABA Standards Relating to Speedy Trial,* § 2.2(a) (Approved Draft, 1968). *Erickson,* at 44, holds that offenses which are "intimately connected or related" arise out of the same criminal conduct or episode. Once again, this interpretation guides our analysis and supports our decision. Further, *State v. Bradley,* 38 Wn. App. 597, 687 P.2d 856, *review denied,* 102 Wn.2d 1024 (1984) considered whether two crimes were based on the

"same conduct" for the purposes of CrR 4.3(c), the mandatory joinder rule. *Bradley,* at 599, states:

> Offenses based on the same conduct are those based upon the same physical act or omission, as where a single act of negligence causes two deaths, or the same series of physical acts results in charges of resisting arrest and assault. 2 American Bar Ass'n, *Standards for Criminal Justice,* Std. 13–1.2, at 13.9 (2d ed. 1980). Possession of marijuana and attempting to elude a police officer do not arise from the same conduct. We reject the defendant's assertion that under *State v. Erickson, [supra],* offenses are related for purposes of joinder if they are based on the same conduct *or* same criminal episode.

"Separate crimes encompassing the same criminal conduct" appears to be more closely related to the phrases interpreted by *Adcock* and *Erickson.* Although there are some analytical differences, the similarities in the provisions lead us to follow a similar interpretation here.

Third, Minnesota decisions interpreting a similar provision under its determinative sentencing act reach a similar conclusion. *See, e.g., State v. Banks,* 331 N.W.2d 491, 493 (Minn. 1983) ("In deciding whether two or more intentional crimes were part of the same course of conduct, one must focus on the factors of time and place and also consider whether the segments of conduct involved were motivated by an effort to obtain a single criminal objective.").

Fourth, had Mr. Lamb actually died, the robbery and murder would likely have merged for purposes of the felony–murder rule and constituted one count.

Lastly, the Sentencing Guidelines Commission in its 1983 recommendation to the Legislature regarding multiple crimes stated:

> [T]he Commission took into account current sentencing practices, existing case law, and the anti–merger statute. Since multiple counts and charges reflect an increased level of criminal activity, the Commission also considered methods for accelerating the sanction while maintaining the system's overall proportionality. During debate, the following issues emerged:
> —A distinction is necessary between crimes committed as a part of a *single* criminal episode and those which

represent *separate* and *distinct* events.
—Multiple crimes involving at least one violent crime should be treated more severely than multiple property crimes.

Washington Sentencing Guidelines Comm'n, *Report to the Legislature* 15–16 (1983). *See also* D. Boerner, *Sentencing in Washington* § 5.8(a), at 5–16 (1985) (the purpose of the SRA is to punish multiple crimes more harshly as they "are more serious and deserving of greater punishment than single crimes").

The Legislature apparently attempted to resolve these somewhat conflicting considerations by adopting RCW 9.94A.400(1) which, as originally enacted in 1983, applied only if the offenses arose out of separate and distinct criminal transactions. However, RCW 9.94A.400(3)(b) (Laws of 1983, ch. 115, § 11, p. 555) provided if

at least one of the offenses is a violent offense but they all arise out of the same criminal transaction, the sentences imposed shall run concurrently; provided that the presumptive sentence for the most serious offense shall be enhanced by counting all other current offenses as prior offenses for purposes of calculating the criminal history score.

In 1984, an amendment eliminated the quoted language of subsection (3)(b) and a new subsection (1)(a) was enacted (Laws of 1984, ch. 209, § 25, p. 1074) which read:

Except as provided in (b) of this subsection, whenever a person is convicted of two or more offenses, the sentence range for each offense shall be determined by using all other current and prior convictions as criminal history. All sentences so determined shall be served concurrently. Separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history.

This was the language in force when Mr. Green was sentenced.

In 1986, RCW 9.94A.400(1)(a) was again amended to read:

Except as provided in (b) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.120 and 9.94A.390(2)(e) or any other provision of RCW 9.94A.390.

Laws of 1986, ch. 257, § 28, p. 937.

■ The common theme throughout these provisions is that crimes encompassing the same criminal conduct should generally not be considered separately for sentencing purposes. Thus, the trial court is now required to determine whether "some or all of the current offenses encompass the same criminal conduct". If such a finding is made, "those current offenses shall be counted as one crime".

Inasmuch as we find the trial court erred in determining the offender's score as legislatively defined and being unable to determine if the court imposed its excessive sentence of approximately twice the standard range depending upon its determination of the offender score, we remand for resentencing. The correct offender score for each crime is 1, thus resulting in a lower sentencing range. We have recalculated the score in appendices C and D.

In that regard, we note that RCW 9.94A.390, providing for departures from the guidelines, permits the court to go below or beyond the presumptive sentence and impose an exceptional sentence, up to the statutory maximum, provided written reasons and justification are given. It further sets forth examples of mitigating and aggravating circumstances (Laws of 1983, ch. 115, § 10, p. 553). In 1984 the examples of mitigating and aggravating circumstances, among other provisions, were amended to provide that the

presumptive sentences of the multiple offense provision of RCW 9.94A.400 could be reduced or exceeded in light of the purposes of the act (Laws of 1984, ch. 209, § 24, p. 1073). The provision for exceeding the presumptive sentence was placed under the aggravation section relating to convictions for violations of the Uniform Controlled Substances Act (RCW 69.50). In 1986, this section was amended to remove its provisions from those relating to the Uniform Controlled Substances Act and was established as a subsection of its own. RCW 9.94A.390(2)(e). Thus, despite retaining the provision "separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history", RCW 9.94A.400-(1)(a), the Legislature recognizes that such separate crimes may require deviation from the standard range in keeping with the overall purposes of the act as provided by RCW 9.94A.010.

Since this appeal was filed, *State v. Nordby,* 106 Wn.2d 514, 723 P.2d 1117 (1986), *State v. Oxborrow,* 106 Wn.2d 525, 723 P.2d 1123 (1986), and *State v. Armstrong,* 106 Wn.2d 547, 723 P.2d 1111 (1986) have been decided regarding exceeding the standard range. We believe the trial judge will look to those cases for guidance in resentencing Mr. Green. Thus, we need not decide that issue.

The sentence is vacated; the case is remanded for resentencing.

## APPENDIX

APPENDIX A

MURDER, FIRST DEGREE
(RCW 9A.32.030)
SERIOUS VIOLENT

I. OFFENDER SCORING (RCW 9.94A.360 (2))

ADULT HISTORY: (All adult offenses served concurrently count as ONE offense; those served consecutively are counted separately)

Enter number of Serious Violent felony convictions . . . . . . . . . . . . . . . . . . . . . . . .   0   x 3 =   0

Enter number of Violent felony convictions .......................... $\bigcirc$ x 2 = $\bigcirc$

Enter number of Nonviolent felony convictions .......................... $\underline{1}$ x 1 = $\underline{1}$

<u>JUVENILE HISTORY:</u>  (All adjudications entered on the same date count as <u>ONE</u> offense)

Enter number of Serious Violent felony adjudications ...................... $\bigcirc$ x 3 = $\bigcirc$

Enter number of Violent felony adjudications .......................... $\bigcirc$ x 2 = $\bigcirc$

Enter number of Nonviolent felony adjudications .......................... $\bigcirc$ x 1/2 = $\bigcirc$

<u>OTHER CURRENT OFFENSES:</u>  (Other current offenses which do not encompass the same conduct count in offender score)

Enter number of other Serious Violent felony convictions ...................... $\bigcirc$ x 3 = $\bigcirc$

Enter number of other Violent felony convictions .......................... $\underline{1}$ x 2 = $\underline{2}$

Enter number of other Nonviolent felony convictions ...................... $\bigcirc$ x 1 = $\bigcirc$

Total the last column to get the TOTAL OFFENDER SCORE ................................. $\boxed{3}$
(round down to the nearest whole number)

### II.  STANDARD SENTENCING RANGE

| A. OFFENDER SCORE: | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 or more |
|---|---|---|---|---|---|---|---|---|---|---|
| STANDARD RANGE: (Seriousness Level XIII) | 240 - 320 months | 250 - 333 months | 261 - 347 months | 271 - 361 months | 281 - 374 months | 291 - 388 months | 312 - 416 months | 338 - 450 months | 370 - 493 months | 411 - 548 months |

B.  The range for attempt, solicitation, and conspiracy is 75% of the standard sentence range for the completed crime (RCW 9.94A.410).

C.  Financial obligations may be added:  fines, restitution, court costs, attorney's fees, assessments (SHB 1247 Section 23, RCW 9.94A.140, 9.94A.120 (9), 9.94A.270 (1))

### III. SENTENCING OPTIONS FOR FIRST DEGREE MURDER

A.  Exceptional sentence (RCW 9.94A.120 (2))

| THIS OFFENSE REFERENCE SHEET IS FOR USE WITH THE SERIOUS VIOLENT SCORING FORM |
|---|

SGC 6-84                                     III-55

ROBBERY, FIRST DEGREE.                                     APPENDIX B
(RCW 9A.56.200)
VIOLENT

### I.  OFFENDER SCORING (RCW 9.94A.360 (5))

<u>ADULT HISTORY:</u>  (All adult offenses served concurrently count as <u>ONE</u> offense;
those served consecutively are counted separately)

Enter number of Serious Violent and Violent felony convictions .................. $\bigcirc$ x 2 = $\bigcirc$

Enter number of Nonviolent felony convictions .......................... $\underline{1}$ x 1 = $\underline{1}$

<u>JUVENILE HISTORY:</u>  (All adjudications entered on the same date count as <u>ONE</u> offense)

Enter number of Serious Violent and Violent felony adjudications ................. $\bigcirc$ x 2 = $\bigcirc$

Enter number of Nonviolent felony adjudications .......................... $\bigcirc$ x 1/2 = $\bigcirc$

OTHER CURRENT OFFENSES: (Other current offenses which do not encompass the same criminal conduct count in offender score)

Enter number of other Serious Violent and Violent felony convictions . . . . . . . . . . . . . . . $1$ x 2 = $2$

Enter number of other Nonviolent felony convictions . . . . . . . . . . . . . . . . . . . . . . . . $0$ x 1 = $0$

Total the last column to get the TOTAL OFFENDER SCORE . . . . . . . . . . . . . . . . . . . . . . . . . . $3$
(round down to the nearest whole number)

## II. STANDARD SENTENCE RANGE

| A. OFFENDER SCORE: | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 or more |
|---|---|---|---|---|---|---|---|---|---|---|
| STANDARD RANGE: (Seriousness Level IX) | 31 - 41 months | 36 - 48 months | 41 - 54 months | 46 - 61 months | 51 - 68 months | 57 - 75 months | 77 - 102 months | 87 - 116 months | 108 - 144 months | 129 - 171 months |

B. The range for attempt, solicitation, and conspiracy is 75% of the standard sentence range for the completed crime (RCW 9.94A.410).

C. Add 24 months to the entire standard sentence range with a special verdict/finding that the offender or an accomplice was armed with a deadly weapon (RCW 9.94A.310, 9.94A.125)

D. Financial obligations may be added: fines, restitution, court costs, attorney's fees, assessments (SHB 1247 Section 23, RCW 9.94A.140, 9.94A.120 (9), 9.94A.270 (1))

## III. SENTENCING OPTIONS FOR FIRST DEGREE ROBBERY

A. Exceptional sentence (RCW 9.94A.120 (2))

THIS OFFENSE REFERENCE SHEET IS FOR USE WITH THE VIOLENT SCORING FORM

SGC 6-84                                III-72

APPENDIX C

MURDER, FIRST DEGREE
(RCW 9A.32.030)
SERIOUS VIOLENT

## I. OFFENDER SCORING (RCW 9.94A.360 (2))

ADULT HISTORY: (All adult offenses served concurrently count as ONE offense; those served consecutively are counted separately)

Enter number of Serious Violent felony convictions . . . . . . . . . . . . . . . . . . . . . . . . $0$ x 3 = $0$

Enter number of Violent felony convictions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0$ x 2 = $0$

Enter number of Nonviolent felony convictions . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1$ x 1 = $1$

JUVENILE HISTORY: (All adjudications entered on the same date count as ONE offense)

Enter number of Serious Violent felony adjudications . . . . . . . . . . . . . . . . . . . . . . . . $0$ x 3 = $0$

Enter number of Violent felony adjudications . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0$ x 2 = $0$

Enter number of Nonviolent felony adjudications . . . . . . . . . . . . . . . . . . . . . . . . . . . $0$ x 1/2 = $0$

OTHER CURRENT OFFENSES: (Other current offenses which do not encompass the same conduct count in offender score)

Enter number of other Serious Violent felony convictions . . . . . . . . . . . . . . . . . . . . . . $0$ x 3 = $0$

Enter number of other Violent felony convictions . . . . . . . . . . . . . . . . . . . . . . . . . . $0$ x 2 = $0$

Enter number of other Nonviolent felony convictions . . . . . . . . . . . . . . . . . . . . . . . . . $0$ x 1 = $0$

Total the last column to get the TOTAL OFFENDER SCORE . . . . . . . . . . . . . . . . . . . . . . . . . . $1$
(round down to the nearest whole number)

## II. STANDARD SENTENCING RANGE

A. OFFENDER SCORE:

| | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 or more |
|---|---|---|---|---|---|---|---|---|---|---|
| STANDARD RANGE: | 240 - 320 | 250 - 333 | 261 - 347 | 271 - 361 | 281 - 374 | 291 - 388 | 312 - 416 | 338 - 450 | 370 - 493 | 411 - 548 |
| (Seriousness Level XIII) | months | months | months | months | months | months | months | months | months | months |

B. The range for attempt, solicitation, and conspiracy is 75% of the standard sentence range for the completed crime (RCW 9.94A.410)

C. Financial obligations may be added: fines, restitution, court costs, attorney's fees, assessments (SHB 1247 Section 23, RCW 9.94A.140, 9.94A.120 (9), 9.94A.270 (1))

## III. SENTENCING OPTIONS FOR FIRST DEGREE MURDER

A. Exceptional sentence (RCW 9.94.120 (2))

THIS OFFENSE REFERENCE SHEET IS FOR USE WITH THE SERIOUS VIOLENT SCORING FORM

SGC 6-84

III-55

ROBBERY, FIRST DEGREE
(RCW 9A.56.200)
VIOLENT

APPENDIX D

## I. OFFENDER SCORING (RCW 9.94A.360 (5))

**ADULT HISTORY:** (All adult offenses served concurrently count as ONE offense; those served consecutively are counted separately)

Enter number of Serious Violent and Violent felony convictions ................... $0$ x 2 = $0$

Enter number of Nonviolent felony convictions ........................... $1$ x 1 = $1$

**JUVENILE HISTORY:** (All adjudications entered on the same date count as ONE offense)

Enter number of Serious Violent and Violent felony adjudications ................. $0$ x 2 = $0$

Enter number of Nonviolent felony adjudications ........................... $0$ x 1/2 = $0$

**OTHER CURRENT OFFENSES:** (Other current offenses which do not encompass the same criminal conduct count in offender score)

Enter number of other Serious Violent and Violent felony convictions ............... $0$ x 2 = $0$

Enter number of other Nonviolent felony convictions ....................... $0$ x 1 = $0$

Total the last column to get the TOTAL OFFENDER SCORE ............................... $1$
(round down to the nearest whole number)

## II. STANDARD SENTENCE RANGE

A. OFFENDER SCORE:

| | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 or more |
|---|---|---|---|---|---|---|---|---|---|---|
| STANDARD RANGE: | 31 - 41 | 36 - 48 | 41 - 54 | 46 - 61 | 51 - 68 | 57 - 75 | 77 - 102 | 87 - 116 | 108 - 144 | 129 - 171 |
| (Seriousness Level IX) | months | months | months | months | months | months | months | months | months | months |

B. The range for attempt, solicitation, and conspiracy is 75% of the standard sentence range for the completed crime (RCW 9.94A.410)

C. Add 24 months to the entire standard sentence range with a special verdict/finding that the offender or an accomplice was armed with a deadly weapon (RCW 9.94A.310, 9.94A.125)

D. Financial obligations may be added: fines, restitution, court costs, attorney's fees, assessments (SHB 1247 Section 23, RCW 9.94A.140, 9.94A.120 (9), 9.94A.270 (1))

106

III. SENTENCING OPTIONS FOR FIRST DEGREE ROBBERY

A. Exceptional sentence (RCW 9.94A.120 (2))

THIS OFFENSE REFERENCE SHEET IS FOR USE WITH THE VIOLENT SCORING FORM

SGC 6-84                                    III-72

McINTURFF, A.C.J., and THOMPSON, J., concur.

Reconsideration denied January 8, 1987.

Review granted by Supreme Court March 3, 1987.