937 P.2d 575 (1997)
132 Wash.2d 182
The STATE of Washington, Respondent,
v.
Larry D. PARKER, Appellant.
No. 64304-1.
Supreme Court of Washington, En Banc.
Argued March 12, 1997.
Decided May 22, 1997.
*576 Nielsen & Acosta, Jonathan T. Stier, Eric Nielsen, Seattle, for Petitioner.
David Needy, Skagit County Prosecutor, Mount Vernon, for respondent.
SANDERS, Justice.
The question in this case is whether the sentencing court committed reversible error by failing to properly calculate the standard range sentence before imposing an exceptional sentence. We conclude it did err, reverse *577 the contrary holding by the Court of Appeals, vacate the sentence, and remand for resentencing following correct calculation of the standard ranges.

FACTS
On September 1, 1993 the State charged Larry Parker with one count of first degree rape of a child and two counts of first degree child molestation for sexually abusing his ex-girlfriend's children. The information alleged Parker committed the crimes sometime between 1987 and 1991.
At trial, evidence was adduced that Parker had committed the acts at various times throughout the charging period. During closing, the State argued to the jury it could convict based on any of the alleged incidents during the charging period. The jury returned guilty verdicts for count 1 (rape of a child) and count 2 (child molestation).[1] The jury was not asked to and did not specify when during the five-year charging period any of the acts occurred.[2]
During the fourth year of the charging period the Legislature amended the Sentencing Reform Act of 1981(SRA), significantly increasing the standard ranges for both crimes. The sentencing court, however, used the higher ranges even though the jury never specified when during the five-year period the acts occurred. Using the SRA as amended the trial court calculated Parker's standard range for count 1 at 102 to 136 months and for count 2 at 67 to 89 months. The State recommended a sentence at the top of each range, 136 months for count 1 and 89 months for count 2, to run consecutively, as an exceptional sentence, for a total confinement of 225 months. The sentencing court also considered a presentence report prepared by the community corrections officer which recommended an exceptional sentence of 204 months' confinement. The sentencing judge went midway between the two and imposed 132 months for count 1 and 84 months for count 2, very close to the top end of each standard range, and ran the two consecutively, as an exceptional sentence, for 216 months total confinement.[3]
Parker appealed the sentence, arguing the standard range was incorrect because the sentencing court used the heavier standard range penalties without requiring the State to prove the acts occurred after the date they became effective. Parker asserted the error was reversible and sought remand for resentencing in accordance with the correct standard range.[4]
The Court of Appeals agreed the standard range may have been incorrect but affirmed the sentence, characterizing the standard range as "irrelevant" and holding any error in the standard range as harmless. State v. Parker, 82 Wash.App. 130, 131-32, 139, 916 P.2d 467, review granted, 130 Wash.2d 1007, 928 P.2d 416 (1996). We granted review on the sole issue of whether remand for resentencing was required in light of the incorrect standard range.

SENTENCING REFORM ACT OF 1981
The Sentencing Reform Act of 1981(SRA) imposes a regime of structured discretion. RCW 9.94A.010; State v. Shove, 113 Wash.2d 83, 88-89, 776 P.2d 132 (1989) ("A principal purpose of the SRA is to establish guidelines for sentencing judges' discretion, thereby making the exercise of that discretion more principled...."). The SRA contemplates the sentencing court will, in most cases, impose a standard range rather than an exceptional sentence. RCW 9.94A.120(1).[5] Indeed, RCW 9.94A.370 refers *578 to the standard range as the "presumptive sentence." The presumptive standard range sentence is a legislative determination of the applicable punishment range for the crime as ordinarily committed.
The sentencing court may impose a sentence outside the standard sentence range if it finds substantial and compelling reasons to justify an exception. RCW 9.94A.120(2). However, when imposing an exceptional sentence the court must first consider the presumptive punishment as legislatively determined for an ordinary commission of the crime before it may adjust it up or down to account for the compelling nature of the aggravating or mitigating circumstances of the particular case. RCW 9.94A.390.[6]See State v. Brown, 60 Wash.App. 60, 69, 802 P.2d 803 (1990) ("It is obvious from the wording of the statute that the sentencing court must first determine the standard range before deciding to impose an exceptional sentence."), review denied, 116 Wash.2d 1025, 812 P.2d 103 (1991), overruled on other grounds in part by State v. Chadderton, 119 Wash.2d 390, 832 P.2d 481 (1992); State v. Worl, 129 Wash.2d 416, 918 P.2d 905 (1996) ("`Imposition of an exceptional sentence is directly related to a correct determination of the standard range. That determination can be made only after the offender score is correctly calculated.'") (quoting State v. Collicott, 118 Wash.2d 649, 660, 827 P.2d 263 (1992) (Collicott II)). See David Boerner, Sentencing in Washington: A Legal Analysis of the Sentencing Reform Act of 1981 at 5-1 (1985) ("The starting point in the application of the Sentencing Reform Act to an individual case lies in determining the sentence range applicable to the particular case at hand."). Other jurisdictions analyzing comparable sentencing statutes are in accord.[7]
If the sentencing judge were to set an exceptional sentence without first properly calculating the legislatively designated standard sentence she would redesignate the punishment for the crime without reference to the legislative standard to which the court must defer absent exceptional circumstances. State v. Freitag, 127 Wash.2d 141, 144, 896 P.2d 1254, 905 P.2d 355 (1995) ("[I]t is the function of the judiciary to impose sentences consistent with legislative enactments."). An exceptional sentence is exceptional because it differs from the underlying presumptive sentence. State v. Ritchie, 126 Wash.2d 388, 397, 894 P.2d 1308 (1995) ("Use of the word `exceptional', by definition, implies a deviation from the norm.").
We conclude that the sentencing court must first correctly determine the standard range before it can depart therefrom. The SRA and case law mandate this conclusion.

APPELLATE REVIEW OF EXCEPTIONAL SENTENCES
When the sentencing court exercises its discretion within the structured confines of the SRA, review of its sentences is limited. RCW 9.94A.210(1) (a properly imposed standard range sentence may not be reviewed); RCW 9.94A.210(4) (a properly imposed exceptional sentence will be upheld so long as reason therefor is valid and not clearly excessive or lenient). See also State v. Ritchie, 126 Wash.2d 388, 393, 894 P.2d 1308 (1995); State v. Branch, 129 Wash.2d 635, 919 P.2d 1228 (1996).
However, when the sentencing court acts outside the structure set by the SRA, the appellate court may review any such departure. State v. Mail, 121 Wash.2d 707, 711-12, 854 P.2d 1042 (1993) (defendant may appeal a sentence by showing "the sentencing court had a duty to follow some specific procedure required by the SRA, and that the *579 court failed to do so"); Boerner, supra at 6-34 ("Appellate review exists to correct legal errors in the imposition of sentences just as it does to review claimed errors in all other areas of the law."). See State v. Roberts, 117 Wash.2d 576, 587, 817 P.2d 855 (1991) (appellate review of a standard range sentence permitted despite RCW 9.94A.210(1) because the sentencing court failed to properly calculate the offender score, as required by the SRA, before imposing its sentence); State v. Roche, 75 Wash. App. 500, 513, 878 P.2d 497 (1994) ("It is axiomatic that a sentencing court acts without statutory authority when it imposes a sentence based on a miscalculated offender score."); Collicott II, 118 Wash.2d 649, 827 P.2d 263.
Because the sentencing court must first correctly calculate the standard range before imposing an exceptional sentence, failure to do so is legal error subject to review.[8]Accord State v. Brown, 60 Wash.App. 60, 802 P.2d 803 (1990), review denied, 116 Wash.2d 1025, 812 P.2d 103 (1991). This review is de novo. See State v. McCraw, 127 Wash.2d 281, 289, 898 P.2d 838 (1995) ("The appropriate standard of review of the sentencing court's calculation of an offender score is de novo.").

REVERSIBLE ERROR
When the sentencing court incorrectly calculates the standard range before imposing an exceptional sentence, remand is the remedy unless the record clearly indicates the sentencing court would have imposed the same sentence anyway. See, e.g., State v. Brown, 60 Wash.App. at 70, 802 P.2d 803 ("This court cannot say that the much lower standard range would not have an impact on the amount of time given for the exceptional sentence" and therefore remand for resentencing is required.); State v. Green, 46 Wash.App. 92, 101, 730 P.2d 1350 (1986) ("Inasmuch as we find the trial court erred in determining the offender's score as legislatively defined and being unable to determine if the court imposed its excessive sentence of approximately twice the standard range depending upon its determination of the offender score, we remand for resentencing."), reversed on other grounds sub nom., State v. Dunaway, 109 Wash.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987). This is the standard generally used by our appellate courts in parallel contexts.[9]
We stress the SRA's requirement that the end sentence be the result of "principled discretion." We are hesitant to affirm an exceptional sentence where the standard range has been incorrectly calculated because of the great likelihood that the judge relied, at least in part, on the incorrect standard ranges in his calculus. Affirming such would uphold a sentence which the sentencing judge might not have imposed given correct information and would defeat the purpose of the SRA.
We note the Court of Appeals took the opposite approach in State v. Thomas, 57 Wash.App. 403, 411, 788 P.2d 24 ("erroneous offender score did not affect the exceptional sentence"), review denied, 115 Wash.2d 1003, 795 P.2d 1155 (1990); State v. Altum, 47 Wash.App. 495, 735 P.2d 1356, review denied, 108 Wash.2d 1024 (1987); and State v. Hernandez, 48 Wash.App. 751, 754, 740 P.2d 374, review denied, 109 Wash.2d 1020 (1987). To the extent Thomas, Altum, and Hernandez *580 conflict with the our ruling today, they are overruled.

APPLICATION
Parker contends the standard ranges were incorrectly calculated. The Court of Appeals agreed they were. See Parker, 82 Wash.App. at 138, 916 P.2d 467 (referring to "the miscalculated standard range"). We also agree.
Parker was charged with committing the crimes during a five-year period. The penalties were increased during the fourth year of the period.[10] Evidence was given showing Parker committed the acts before the increase in penalties.[11] The State was not required to prove he committed the acts after the penalty increase.[12] Use of the increased penalties without requiring the State to prove the acts occurred after the effective dates of the increased penalties would violate the ex post facto clause of both the United States and Washington Constitutions.[13]See State v. Gurrola, 69 Wash.App. 152, 158-59, 848 P.2d 199 (use of increased standard range in setting exceptional sentence violates ex post facto where it is not proved that defendant committed crimes after effective date of increased penalty), review denied, 121 Wash.2d 1032, 856 P.2d 383 (1993).[14] Thus, it appears the court used incorrect standard ranges at sentencing.
Last, the State contends the error was harmless. The Court of Appeals agreed with the State declaring "we are confident the court would impose the same sentence if we were to remand." Parker, 82 Wash.App. at 139, 916 P.2d 467. We disagree.
The record is not expressly clear that the sentencing court would have imposed the same sentence had the standard range been properly calculated.[15] To the contrary it appears likely the exceptional sentence was based directly on the incorrect standard ranges. The sentencing court imposed a high-end standard range sentence for each count and then ran the two consecutively as an exceptional sentence. The Court of Appeals found particular significance in the sentencing judge's statement that "I am going to make those sentences run consecutively. I *581 think that adds up to something on the order of, if not exactly, 18 years." RP (Feb. 17-18, 1994) at 29. However the statement attributes nothing significant to 18 years other than the fact that 216 months equals 18 years.

CONCLUSION
A sentencing court must ordinarily correctly calculate the standard range before imposing an exceptional sentence. Failure to do so renders the exceptional sentence subject to appellate review, and remand for resentencing is the remedy unless the record clearly indicates the sentencing court would have imposed the same sentence anyway.
We find the standard range here calculated was incorrect. The record does not expressly demonstrate the sentencing court would have imposed the same exceptional sentence without regard to the length of the standard ranges. The Court of Appeals is reversed. Parker's sentence is vacated. The case is remanded for resentencing.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER and TALMADGE, JJ., concur.
NOTES
[1] The jury was unable to reach a verdict on count 3 (child molestation) and the State dropped the charges pertaining thereto.
[2] The jury was given a "multiple acts" instruction stating it need not "find all of the acts have been proven, but it is necessary that the jury unanimously agree that the same underlying criminal act has been proved beyond a reasonable doubt." Clerk's Papers at 31.
[3] RCW 9.94A.400 (all current sentences "shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions....").
[4] Parker does not challenge the fact he was given an exceptional sentence or the reasons therefor.
[5] That is, in cases where the first-time offender provisions of RCW 9.94A.120(5) or RCW 9.94A.120(6) or the treatment provision of RCW 9.94A.120(8) are inapplicable.
[6] When imposing an exceptional sentence the court must "consider[] the purposes of this chapter." RCW 9.94A.120(2). A stated purpose of the SRA is to "[e]nsure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history." RCW 9.94A.010. Those factors are the components of the standard range.
[7] See Commonwealth v. Canfield, 432 Pa.Super. 496, 503, 639 A.2d 46, 50 (1994) (sentencing law "requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines"); Parker v. State, 506 So.2d 86, 87 (Fla.App.1987) ("A correctly calculated scoresheet must be used by the trial court even though a departure sentence is imposed.").
[8] In State v. Nordby, 106 Wash.2d 514, 723 P.2d 1117 (1986) we had the opportunity address today's issue but declined, noting "since neither party has briefed this issue, we decline to decide it at this time." Id. at 517 n. 3, 723 P.2d 1117.
[9] See State v. Gaines, 122 Wash.2d 502, 512, 859 P.2d 36 (1993) (where one of two factors relied on in departing from the standard range is invalid "remand for resentencing is necessary where it is not clear whether the trial court would have imposed an exceptional sentence on the basis of only the one factor upheld"); State v. Smith, 123 Wash.2d 51, 58, 864 P.2d 1371 (1993) ("[I]t is unclear whether the trial judge would have imposed the same sentence had he considered only the two valid aggravating factors. In such an instance, a remand is appropriate.") (citing State v. Dunaway, 109 Wash.2d 207, 219-20, 743 P.2d 1237, 749 P.2d 160 (1987) (footnote omitted)); see also State v. Ross, 71 Wash.App. 556, 861 P.2d 473 (1993) ("A remand is not mandated when the reviewing court is confident that the trial court would impose the same sentence when it considers only valid reasons.") (citing State v. Pryor, 115 Wash.2d 445, 456, 799 P.2d 244 (1990)), review denied, 123 Wash.2d 1019, 875 P.2d 636 (1994).
[10] The SRA was amended, effective July 1, 1990, to increase the standard range for various sex crimes including rape of a child and child molestation. The Legislature amended RCW 9.94A.360, adding section 17, to increase the offender score for other current sex offenses to three. Laws of 1990, ch. 3, § 103; RCW 9A.44.083. Prior to the amendment, first degree rape of a child as an "other current offense" would be counted as two and first degree child molestation would be counted as one. Former RCW 9.94A.360(7), (8); former RCW 9A.44.083; RCW 9.94A.400. The 1990 amendments also increased the seriousness level of first degree rape of a child from level X to level XI (RCW 9.94A.320) and first degree child molestation from level VIII to level X. Laws of 1990, ch. 3, § 702. Thus, Parker's offender score and seriousness levels both increased.
[11] The State produced substantial evidence that Parker committed the acts prior to July 1, 1990. Dates may be ascertained by reference to location. For example, the oldest victim testified Parker sexually abused her in the "green and white house" where the family lived in 1989. Verbatim Report of Proceedings (RP) (Dec. 14, 1993) at 16.
[12] The jury was not asked to specify whether Parker committed the acts after the effective dates of the increases and the prosecutor urged the jury to consider the entire period.
[13] U.S. Const. art. I, § 9 ("No Bill of Attainder or ex post facto Law shall be passed."); Washington Const. art. I, § 23 ("No bill of attainder, ex post facto law, or law impairing the obligations of contracts shall ever be passed."). A law violates the ex post facto prohibition if it permits a more severe punishment than was permissible when the crime was committed. State v. Hennings, 129 Wash.2d 512, 524-25, 919 P.2d 580 (1996); Miller v. Florida, 482 U.S. 423, 430-36, 107 S.Ct. 2446, 2451-54, 96 L.Ed.2d 351 (1987) (under state sentencing reform act, guidelines in effect at time of offense must be applied to avoid ex post facto violation).
[14] However, we disagree with Gurrola as to when this must be proved. Gurrola, 69 Wash. App. at 159, 848 P.2d 199. Unlike offender history which is proved at sentencing pursuant to State v. Jones, 110 Wash.2d 74, 77, 750 P.2d 620 (1988), when the crime was committed is a factual question which must be put to the jury.
[15] Given the fact that a correct standard range is intended as the departure point, we cannot imagine many instances where it could be shown that the resulting exceptional sentence would have been the same regardless of the length of the standard range.