# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34639-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | **ORDER GRANTING** |
| v. | ) | **MOTION FOR** |
| | ) | **RECONSIDERATION** |
| JOSE MENDEZ, | ) | **AND WITHDRAWING** |
| | ) | **OPINION** |
| Appellant. | ) | |

The court has considered appellant's motion for reconsideration and is of the opinion the motion should be granted. Therefore,

IT IS ORDERED the motion for reconsideration of this court's decision of September 11, 2018, is granted.

IT IS FURTHER ORDERED that the opinion filed on September 11, 2018, is hereby withdrawn and a new opinion is filed herewith.

PANEL:     Judges Lawrence-Berrey, Fearing, Siddoway

FOR THE COURT:

Lawrence-Berry, C.J.

ROBERT LAWRENCE-BERREY
CHIEF JUDGE

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34639-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSE MENDEZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Jose Mendez prevailed in a prior personal restraint

petition (PRP), and we remanded for resentencing. He now appeals the trial court's

amended sentence. We affirm in part and reverse in part.

FACTS

In 2013, a Yakima County jury found Mr. Mendez guilty of multiple crimes: count

1, attempting to elude a pursuing police vehicle; count 2, possession of a controlled

substance—cocaine; count 3, possession of a controlled substance—heroin; count 4, first

degree driving while license revoked (a gross misdemeanor); and count 5, felony driving

under the influence of intoxicating liquor and/or drugs.

At sentencing, the State presented evidence of Mr. Mendez's lengthy criminal conviction history. The history included four 1988 convictions for drug crimes, a 1988 conviction for failure to return from work release, a 1990 federal conviction for conspiracy to distribute cocaine (for which he was released December 17, 1999), a 2002 conviction for a drug crime, a 2002 conviction for attempt to elude, a 2002 conviction for second degree malicious mischief, and a 2006 conviction for felony violation of a protection order.

The State did not produce certified documents of the 1990 federal conviction. Instead, the State argued that Mr. Mendez had acknowledged the 1990 conviction in the sentencing hearing for his three 2002 convictions. Mr. Mendez objected and held the State to its burden of proving the 1990 conviction. The court agreed that the State did not present adequate proof of the 1990 conviction. The court sentenced Mr. Mendez, but also included his washed-out 1988 convictions. Mr. Mendez appealed, but did not raise the issue of his washed-out 1988 convictions. This court affirmed.

Mr. Mendez then filed a PRP and alleged that the trial court imposed an illegal sentence because his 1988 convictions should have washed out and both his trial counsel and his appellate counsel were ineffective for failing to raise that issue. The State

conceded "the offender score erroneously included washed out offenses." Clerk's Papers

(CP) at 49. In remanding for resentencing, this court wrote:

> The trial court counted nine earlier adult felonies in Jose Mendez's
> offender score. Jose Mendez now contends four [1988] drug convictions
> and one [1988] conviction for failure to return from work release should
> have washed out. During sentencing and by agreement of the parties, the
> trial court did not include in the calculation a 1990 federal conviction of
> conspiracy to distribute cocaine because the State had not obtained a
> certified record of the judgment. The State now concedes that several class
> C felony offenses were washed out due to the State's failure to provide a
> record of the federal conviction. . . .
> We agree that the trial court incorrectly calculated the offender
> score. Consequently, we vacate the sentence and remand to the superior
> court for resentencing. As a result, Jose Mendez's remaining contention
> regarding his trial counsel's and appellate counsel's failures to challenge
> the offender score are moot. . . .

CP at 57-58.

At resentencing, the State notified the court it had obtained a certified copy of the

federal judgment and sentence for the 1990 federal conviction. This document notes that

Mr. Mendez pleaded guilty to *two* counts: conspiracy to distribute a controlled substance

under 21 U.S.C. § 846 and distribution of a controlled substance, cocaine (over 500

grams) under 21 U.S.C. § 841(a)(1). The State did not produce any other evidence for

these convictions.

Mr. Mendez argued that the State waived its ability to prove the 1990 federal

conviction when it failed to produce the evidence at the first sentencing hearing and when

3

it later conceded the wash-out issue in his PRP. The parties also addressed whether the resentencing was a full resentencing hearing or was limited to the record and arguments that were presented at the initial sentencing. Mr. Mendez argued that the sentencing court could not consider evidence beyond that which was considered at the first hearing and noted that he had earlier preserved the issue of whether the federal conviction was comparable to a Washington State felony. The State countered that the hearing was a full resentencing and that the sentencing court was not limited to the record at the original sentencing.

The sentencing court noted the language of our opinion, which remanded for "resentencing," rather than a limited sentencing hearing without the federal conviction or washed-out convictions. Report of Proceedings (July 15, 2016) (RP) at 9. The court construed our instructions to it as not precluding a full resentencing. The court thus allowed the State to introduce the certified 1990 federal judgment and sentence.

Mr. Mendez argued in opposition to an exceptional upward sentence but did not re-raise the comparability issue. The court accepted the State's proof, accepted the State's argument that the other offenses no longer washed out, and sentenced Mr. Mendez. Prior to doing so, the court did not perform a comparability analysis of the 1990 conviction with Washington law. The court calculated Mr. Mendez's offender score to be

4

a 16 for count 1 (attempting to elude) and count 5 (felony driving under the influence) and an 11 for counts 2 and 3 (possession of controlled substances).

The court then imposed an exceptional sentence by running the convictions consecutively. The court's basis for the exceptional sentence was its "finding that Mr. Mendez committed multiple current offenses, and his offender score results in some offenses going unpunished." RP at 19.

The court then asked Mr. Mendez to address the issue of legal financial obligations (LFOs). Mr. Mendez noted that he was in prison, not working, and that he had dependents. Mr. Mendez initially asked the court to strike "some" of the discretionary LFOs. RP at 21. In the next sentence, he asked the court to strike "all" discretionary LFOs. RP at 22. He then asked the trial court to cap the costs of incarceration, a discretionary LFO, at $1,000 "or potentially strike the paragraph altogether." RP at 22.

The court did not impose any discretionary LFOs, except the costs of incarceration, which it capped at $500. Likely because the costs imposed were within Mr. Mendez's request, the trial court did not inquire of his assets or debts. In addition, the court imposed mandatory LFOs, including a DNA[1] collection fee of $100.

---

[1] Deoxyribonucleic acid.

Mr. Mendez appealed. The sentencing court later entered findings of fact and conclusions of law in support of its exceptional sentence for free crimes.

ANALYSIS

A. LAW OF THE CASE DOCTRINE

Mr. Mendez first contends the law of the case doctrine prohibits the State from rescinding its concession in his PRP.

"The law of the case doctrine provides that once there is an appellate court ruling, its holding must be followed in all of the subsequent stages of the same litigation." *State v. Schwab*, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). Mr. Mendez argues that the law of the case is that the State conceded the 1988 convictions washed out and therefore could not be used in a resentencing hearing. The State counters that its earlier concession did not include a concession that it should not be able to provide an accurate conviction history at resentencing. The State also cites RCW 9.94A.530(2), which provides in part: "On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." *See also State v. Jones*, 182 Wn.2d 1, 10, 338 P.3d 278 (2014) (amended statute is constitutional and

6

permits all relevant evidence to be considered by sentencing court so as to reflect the offender's actual criminal history, whether at sentencing or resentencing).

We agree with the State. In our previous decision, we did not restrict the State from presenting accurate information to reflect Mr. Mendez's complete criminal history. For this reason, the sentencing court did not err when it considered all relevant evidence.

B.   COMPARABILITY OF FEDERAL CONVICTIONS WITH WASHINGTON STATE CRIMES

Mr. Mendez argues that his 1990 federal conviction for conspiracy to distribute a controlled substance should not have been included in his offender score calculation. He contends that this conviction is not legally or factually comparable to a Washington State crime. The State responds that the *second* 1990 federal conviction—distribution of controlled substance—cocaine—clearly is comparable. The State requests that this court perform the comparability analysis or that we remand to the sentencing court for such an analysis.

Mr. Mendez has not addressed whether the *second* 1990 federal conviction is comparable to a Washington State crime. He may concede this point. If so, the 1988 crimes would not wash out. We remand for resentencing for the trial court to conduct a comparability analysis of any foreign conviction the State intends to rely on to calculate

7

Mr. Mendez's offender score. Consistent with RCW 9.94A.530(2), the State may introduce additional evidence at the hearing.

### C.    EXCEPTIONAL SENTENCE FINDINGS

Mr. Mendez assigns error to the sentencing court's failure to enter findings of fact and conclusions of law in support of the exceptional sentence it imposed based on free crimes. The trial court later entered those findings and conclusions. We permitted Mr. Mendez to file a supplemental brief. He declined. We construe this as a concession.

### D.    CLERICAL ERROR IN JUDGMENT AND SENTENCE

Mr. Mendez argues that paragraphs 2.6, 3.2, and 4.A.2 of the judgment and sentence are internally inconsistent. The State responds that the sentencing court intended to enter a similar consecutive sentence as the original sentence, and that the "and 4" phrase in paragraph 4.A.2 should be struck so the paragraphs are internally consistent. Mr. Mendez did not object to this remedy in his reply brief. We therefore remand to the sentencing court for it to enter an order redacting "and 4" from paragraph 4.A.2 in the July 15, 2016 judgment and sentence. Mr. Mendez's presence is not necessary.

### E.    COSTS OF INCARCERATION

Mr. Mendez argues that this court should accept review of whether the trial court erred when it imposed the $500 discretionary LFO. The State argues this court should not

8

grant review, but agrees to strike the discretionary LFO in the event this court does grant review.

In light of *State v. Ramirez*, __ Wn.2d __, 426 P.3d 714 (2018), we accept review. Ramirez holds that House Bill 1783[2] applies prospectively to criminal appellants challenging their LFOs on appeal and prohibits imposing discretionary LFOs against offenders who are indigent at the time of their sentencing. A person is indigent if he or she receives an annual income after taxes of 125 percent or less of the current federal poverty level. RCW 10.101.010(3)(c). Here, Mr. Mendez had been in prison for a number of years by the time he was resentenced. He, therefore, was indigent at the time of his sentencing.

We accept the State's concession and direct the sentencing court to strike all discretionary LFOs. In addition, we direct the trial court to strike the $100 DNA collection fee. LAWS OF 2018, ch. 269, § 18 (DNA database fee no longer mandatory if offender's DNA has been previously collected because of a prior felony conviction).[3]

---

[2] ENGROSSED SECOND SUBSTITUTE H.B. 1783, 65th Leg., Reg. Sess. (Wash. 2018).

[3] But for the prospective application of House Bill 1783 to this case on appeal, the trial court's LFO decision would have been affirmed.

9

No. 34639-1-III
*State v. Mendez*

In summary, we affirm in part and reverse in part. We remand to correct a scrivener's error, to strike the discretionary incarceration cost and the DNA collection fee, and for the sentencing court to conduct a comparability analysis on any requested foreign conviction.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

Lawrence-Berrey, C.J.

I CONCUR:

Fearing, J.

Fearing, J.

10

34639-1-III

SIDDOWAY, J. (dissenting in part) — The majority opinion has been modified, following an original opinion that invited Jose Mendez to request remand for a comparability analysis of his 1990 federal conviction for distribution of a controlled substance. He accepted the invitation. The majority now orders remand with directions to the trial court to perform that comparability analysis.

I dissent in part again for the same reason I dissented in part originally. I would not grant Mr. Mendez the remedy of remand for a comparability analysis of the distribution of a controlled substance conviction for two reasons. The first is that he did not assign error to the failure to conduct a comparability analysis of that crime.

The second is that if Mr. Mendez accepts the invitation, the most he stands to gain from such a hearing is to exclude from the calculation of his offender score a crime that the trial court excluded for a different reason in imposing the original exceptional sentence. Nothing, scorewise, will have changed. Remand is not necessary when the record clearly indicates the sentencing court would have imposed the same exceptional sentence. *State v. Parker*, 132 Wn.2d 182, 189, 937 P.2d 575 (1997). To me, the record is clear.

I otherwise agree with the majority opinion.

Siddoway, J.