IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34442-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TYLER SCOTT FIFE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Tyler Fife challenges the trial court's sentence on the basis that the court applied the wrong legal standards and ignored one of his stated reasons for a downward exceptional sentence. We agree with Fife and remand for resentencing.

## FACTS

Tyler Fife confessed that he and three other individuals burglarized two homes and an attached garage to one home. During trial, Fife testified that he and another participant, his girlfriend Samantha Garcia, joined in the crimes only from fear that Sean Dahlquist, the ring leader of the gaggle, would physically harm each if either respectively refused to assist. Garcia confirmed Fife's testimony.

According to Tyler Fife, Sean Dahlquist threatened to stab him with a knife if he

did not help burglarize the first home. When Fife tarried, Dahlquist yanked Fife from a car. Dahlquist stroked a gun as he demanded Fife to join Chantelle Mendivil and him in burglarizing the second house. While acting hinky, Dahlquist told Fife that the former did not trust the latter to remain behind while the other two entered the second home.

## PROCEDURE

The State of Washington charged Tyler Fife with thirteen counts related to the crime spree: first degree burglary, residential burglary, second degree burglary, first degree theft, second degree theft, first degree possession of stolen property, theft of a motor vehicle, possession of a stolen motor vehicle, theft of a firearm, two counts of possession of a controlled substance other than marijuana, and two counts of third degree malicious mischief. Fife asserted the defense of duress. The trial court instructed the jury on the defense:

> Duress is a defense to a charge if:
> (a) The defendant participated in the crime under compulsion by another who by threat or use of force created an apprehension in the mind of the defendant that in case of refusal the defendant or another person would be liable to immediate death or immediate grievous bodily injury; and
> (b) Such apprehension was reasonable upon the part of the defendant; and
> (c) The defendant would not have participated in the crime except for the duress involved.
> The defense of duress is not available if the defendant intentionally or recklessly placed himself in a situation in which it was probable that he would be subject to duress. The defendant has the burden of proving this defense by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded, considering all the evidence in

2

the case, that it is more probably true than not true. If you find that the defendant has established this defense, it will be your duty to return a verdict of not guilty.

Clerk's Papers at 80.

In closing argument, defense counsel conceded Tyler Fife played a role in burglarizing the two homes by helping remove items from each home after Sean Dahlquist entered the abode. Counsel characterized the sole issue as being whether Fife acted under duress as a result of Dahlquist threatening to stab and shoot him. The jury rejected Fife's defense and convicted him on all counts.

Before the sentencing hearing, the trial court reviewed Tyler Fife's sentencing brief, the State's sentencing brief, and statements of the two victims. During the sentencing hearing, the trial court entertained comments from the State, defense counsel, and Tyler Fife. The State recommended a standard range sentence. Fife requested an exceptional sentence downward based on the argument that he acted under duress and lacked a predisposition for criminal behavior. In response, the State argued that the trial court should not question the jury's finding that Fife did not commit the crimes under duress. The State's counsel remarked:

> The other one—this was the jury's determination that he was not under duress. I don't think that it's really appropriate for, you know, the court during sentencing to question that.

Report of Proceedings (RP) at 464.

The trial court rejected Tyler Fife's request for an exceptional sentence. The

3

court, in an oral ruling, discussed the reasons given by the jury for rejecting Fife's duress

defense. The court then commented:

> Counsel,—I felt compelled to talk with Mr. Fife, and really with
> everyone, about what the jury felt was important. And I particularly think
> it's important that I mention it because if the jury was not able to find by a
> preponderance that there was duress, then, Mr. Prince [defense trial
> counsel] and Mr. Fife, the court surely cannot find today that there is
> substantial and compelling basis upon which to find duress and thus a basis
> for an exceptional sentence. There just isn't.
> If the court were to say that there's substantial and compelling
> evidence to deviate from the guidelines, in effect what I would be doing is
> to overrule the jury's determination by a lesser standard that there wasn't
> duress. That's difficult to follow and I hope it makes sense to you. Again,
> you don't have to like it. But my hope is that you understand it.
> I'm just going to say this one other way. And that is that those
> twelve people felt there was no duress. It would be inappropriate for me,
> given a higher standard—*I have to find by substantial and compelling
> evidence that there was duress.* If there's no preponderance, there certainly
> isn't this higher standard.
> And—and so while on one hand, Mr. Fife, I'm sorry that I can't
> grant you an exceptional sentence, on the other hand I would say to you
> that in my view, having listened to the case, it would be totally
> inappropriate.

RP at 484-85 (emphasis added). The trial court made no mention of Fife's request for an

exceptional sentence on the basis that he lacked a predisposition for criminal behavior.

The trial court imposed a standard range sentence on all counts with the sentences to run

concurrently. The highest sentence was 89.5 months for first degree burglary.

## LAW AND ANALYSIS

Tyler Fife contends the trial court applied the wrong legal standard in assessing

whether it held authority to impose a mitigated exceptional sentence. He argues the trial

4

court abused its discretion when it determined the jury's rejection of Fife's duress defense necessarily precluded an exceptional sentence based on duress. Fife also maintains that the trial court erroneously reasoned that Fife needed to establish his defense, for purposes of sentencing, by substantial and compelling evidence. Finally, Fife assigns error to the trial court's failure to address his request for an exceptional sentence because of a lack of a predisposition to commit a crime. The State responds that, under RCW 9.94A.585(1), Fife may not challenge his standard range sentence on appeal. The State recognizes a defendant may complain of the sentencing procedure on appeal, but the State contends that the law limits procedural errors to the trial court's failure to consider information as mandated by RCW 9.94A.500. We agree with Tyler Fife's contentions.

We juxtapose subsections of two important statutes within the Sentencing Reform Act of 1981, chapter 9.94A RCW. First, RCW 9.94A.585 declares, in part:

(1) A sentence within the standard sentence range, under RCW 9.94A.510 or 9.94A.517, for an offense shall not be appealed.

Second, RCW 9.94A.535 reads, in relevant part:

The court may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are *substantial and compelling reasons* justifying an exceptional sentence. . . .
(1) Mitigating Circumstances—Court to Consider
The court may impose an exceptional sentence below the standard range if it finds that mitigating circumstances are established by a

5

> *preponderance of the evidence*. The following are illustrative only and are not intended to be exclusive reasons for exceptional sentences.
>
> . . . .
>
> (c) The defendant committed the crime under duress, coercion, threat, or compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct.
>
> (d) The defendant, with no apparent predisposition to do so, was induced by others to participate in the crime.

(Emphasis added.)

The trial court sentenced Tyler Fife within the standard sentence range for each crime. Therefore, within the confines of these two statutes, we pose the following interrelated questions. First, does the former statute disqualify Fife from appealing his sentence? Second, if not, was the trial court precluded from ordering an exceptional sentence because the jury's verdict rejected Fife's duress defense? Third, if the answer to the first question is no, did the trial court employ the correct burden of proof when stating that Fife must present substantial and compelling evidence of duress?

Despite the uncompromising language of RCW 9.94A.585, a defendant may appeal the procedure the trial court followed when imposing a standard range sentence. *State v. Knight*, 176 Wn. App. 936, 957, 309 P.3d 776 (2013). While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). Failure to consider an exceptional sentence is reversible error. *State v. Grayson*, 154 Wn.2d at 342.

6

When a defendant requested an exceptional sentence, this court may review whether the trial court refused to exercise discretion at all or relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). Also, when the sentencing court acts outside the structure set by the Sentencing Reform Act the appellate court may review any such departure. *State v. Parker*, 132 Wn.2d 182, 188, 937 P.2d 575 (1997).

Tyler Fife's trial court did not categorically refuse to exercise its discretion when sentencing Fife within the standard range. The court did, however, rely on an impermissible basis by applying the wrong legal standard when exercising its discretion. The trial court mistakenly believed it needed to find duress by substantial and compelling evidence. RCW 9.94A.535 demands a substantial and compelling *reason* for an exceptional sentence downward. Nevertheless, the statute imposes no such evidentiary standard. Instead, RCW 9.94A.535 only requires that the defendant show duress, coercion, or inducement by a preponderance of evidence.

The trial court also erred when reasoning that the jury's rejection of the defense of duress precluded the court from considering duress when meting the sentence. RCW 9.94A.535 assumes that the jury already rejected the defense. The statute references the defendant as possessing an incomplete defense. If a court automatically followed the jury's ruling, the statute would become meaningless, because the jury will have always rejected the defense. Otherwise, the trial court would not engage in sentencing. When

7

interpreting a statute, we strive to avoid a construction that would render a portion of a statute meaningless. *John Doe A v. Washington State Patrol*, 185 Wn.2d 363, 381-82, 374 P.3d 63 (2016).

The State contends that the trial court's comments during the sentencing hearing confirm that the trial court would have rejected a downward sentence for duress. We note that, at least, one comment by the court supports the State's argument. The trial court stated that after listening to the evidence, accepting Fife's contention would be inappropriate. Nevertheless, we do not know, by what standard of proof, the court uttered this short comment. Also, the court repeatedly stated that it would not readdress the question of duress because of the jury verdict. The State invited error by arguing that the sentencing court should not revisit the jury verdict.

Finally, the trial court, when sentencing Tyler Fife failed to address one of Fife's contentions. The trial court mentioned its reasons for denying the exceptional sentence on the basis of duress. Nevertheless, the trial court never ruled on whether Fife qualified for a mitigated sentence on the ground that he lacked a predisposition to crime and someone induced him to commit the crime. Every defendant is entitled to have the trial court consider an alternative argued. *State v. Grayson*, 154 Wn.2d at 342 (2005).

The State argues that the trial court silently recognized Tyler Fife's other argument for an exceptional sentence and silently and impliedly rejected the argument. We might accept the State's argument if the trial court simply stated that the court rejected the

8

request for a downward sentence or rejected the request under both alternatives.

Nevertheless, the trial court extensively addressed Fife's claim of duress and then ignored

the request based on inducement.

## CONCLUSION

We remand for resentencing of Tyler Fife. The trial court should, consistent with

this opinion, consider whether to grant a downward sentence based on Fife's claim that

he suffered duress, coercion, or inducement. Otherwise, we render no decision on the

merits of whether an exceptional sentence downward is justified.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_Fearing, J._

———————————————————
Fearing, C.J.

WE CONCUR:

_Siddoway, J._

———————————————————
Siddoway, J.

_Lawrence-Berrey, J._

———————————————————
Lawrence-Berrey, J.

9