IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34639-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSE MENDEZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Jose Mendez prevailed in a prior personal restraint petition (PRP), and we remanded for resentencing. He now appeals the trial court's amended sentence. We generally affirm.

## FACTS

In 2013, a Yakima County jury found Mr. Mendez guilty of multiple crimes: count 1, attempting to elude a pursuing police vehicle; count 2, possession of a controlled substance—cocaine; count 3, possession of a controlled substance—heroin; count 4, first degree driving while license revoked (a gross misdemeanor); and count 5, felony driving under the influence of intoxicating liquor and/or drugs.

At sentencing, the State presented evidence of Mr. Mendez's lengthy criminal conviction history. The history included four 1988 convictions for drug crimes, a 1988 conviction for failure to return from work release, a 1990 federal conviction for conspiracy to distribute cocaine (for which he was released December 17, 1999), a 2002 conviction for a drug crime, a 2002 conviction for attempt to elude, a 2002 conviction for second degree malicious mischief, and a 2006 conviction for felony violation of a protection order.

The State did not produce certified documents of the 1990 federal conviction. Instead, the State argued that Mr. Mendez had acknowledged the 1990 conviction in the sentencing hearing for his three 2002 convictions. Mr. Mendez objected and held the State to its burden of proving the 1990 conviction. The court agreed that the State did not present adequate proof of the 1990 conviction. The court sentenced Mr. Mendez, but also included his washed-out 1988 convictions. Mr. Mendez appealed, but did not raise the issue of his washed-out 1988 convictions. This court affirmed.

Mr. Mendez then filed a PRP and alleged that the trial court imposed an illegal sentence because his 1988 convictions should have washed out and both his trial counsel and his appellate counsel were ineffective for failing to raise that issue. The State

conceded "the offender score erroneously included washed out offenses." Clerk's Papers

(CP) at 49. In remanding for resentencing, this court wrote:

> The trial court counted nine earlier adult felonies in Jose Mendez's offender score. Jose Mendez now contends four [1988] drug convictions and one [1988] conviction for failure to return from work release should have washed out. During sentencing and by agreement of the parties, the trial court did not include in the calculation a 1990 federal conviction of conspiracy to distribute cocaine because the State had not obtained a certified record of the judgment. The State now concedes that several class C felony offenses were washed out due to the State's failure to provide a record of the federal conviction. . . .
>
> We agree that the trial court incorrectly calculated the offender score. Consequently, we vacate the sentence and remand to the superior court for resentencing. As a result, Jose Mendez's remaining contention regarding his trial counsel's and appellate counsel's failures to challenge the offender score are moot. . . .

CP at 57-58.

At resentencing, the State notified the court it had obtained a certified copy of the

federal judgment and sentence for the 1990 federal conviction. This document notes that

Mr. Mendez pleaded guilty to *two* counts: conspiracy to distribute a controlled substance

under 21 U.S.C. § 846 and distribution of a controlled substance, cocaine (over 500

grams) under 21 U.S.C. § 841(a)(1). The State did not produce any other evidence for

these convictions.

Mr. Mendez argued that the State waived its ability to prove the 1990 federal

conviction when it failed to produce the evidence at the first sentencing hearing and when

it later conceded the wash-out issue in his PRP.  The parties also addressed whether the

resentencing was a full resentencing hearing or was limited to the record and arguments

that were presented at the initial sentencing.  Mr. Mendez argued that the sentencing court

could not consider evidence beyond that which was considered at the first hearing and

noted that he had earlier preserved the issue of whether the federal conviction was

comparable to a Washington State felony.  The State countered that the hearing was a full

resentencing and that the sentencing court was not limited to the record at the original

sentencing.

The sentencing court noted the language of our opinion, which remanded for

"resentencing," rather than a limited sentencing hearing without the federal conviction or

washed-out convictions.  Report of Proceedings (July 15, 2016) at 9.  The court construed

our instructions to it as not precluding a full resentencing.  The court thus allowed the

State to introduce the certified 1990 federal judgment and sentence.

Mr. Mendez argued in opposition to an exceptional upward sentence but did not

re-raise the comparability issue.  The court accepted the State's proof, accepted the

State's argument that the other offenses no longer washed out, and sentenced Mr.

Mendez.  Prior to doing so, the court did not perform a comparability analysis of the 1990

conviction with Washington law.  The court calculated Mr. Mendez's offender score to be

a 16 for count 1 (attempting to elude) and count 5 (felony driving under the influence) and an 11 for counts 2 and 3 (possession of controlled substances).

The sentencing court also imposed costs of incarceration, a discretionary legal financial obligation (LFO), and capped that cost at $500. The trial court justified the discretionary cost because Mr. Mendez had discussed at length his educational advancement since 2013 and his hope for future employment in the HVAC (heating, ventilating, and air conditioning) industry. The trial court however did not inquire of Mr. Mendez's assets or debts. Mr. Mendez did not object to this.

Mr. Mendez appealed. The sentencing court later entered findings of fact and conclusions of law in support of its exceptional sentence for free crimes.

ANALYSIS

A.     LAW OF THE CASE DOCTRINE

Mr. Mendez first contends the law of the case doctrine prohibits the State from rescinding its concession in his PRP.

"The law of the case doctrine provides that once there is an appellate court ruling, its holding must be followed in all of the subsequent stages of the same litigation." *State v. Schwab*, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). Mr. Mendez argues that the law of the case is that the State conceded the 1988 convictions washed out and therefore could

not be used in a resentencing hearing. The State counters that its earlier concession did not include a concession that it should not be able to provide accurate conviction history at resentencing. The State also cites RCW 9.94A.530(2), which provides in part: "On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." *See also State v. Jones*, 182 Wn.2d 1, 10, 338 P.3d 278 (2014) (amended statute is constitutional and permits all relevant evidence to be considered by sentencing court so as to reflect the offender's actual criminal history, whether at sentencing or resentencing).

We agree with the State. In our previous decision, we did not restrict the State from presenting accurate information to reflect Mr. Mendez's complete criminal history. For this reason, the sentencing court did not err when it considered all relevant evidence.

B.    COMPARABILITY OF FEDERAL CONVICTIONS WITH WASHINGTON STATE CRIMES

Mr. Mendez argues that his 1990 federal conviction for conspiracy to distribute a controlled substance should not have been included in his offender score calculation. He contends that this conviction is not legally or factually comparable to a Washington State crime. The State responds that the *second* 1990 federal conviction—distribution of controlled substance—cocaine—clearly is comparable. The State requests that this court

6

perform the comparability analysis or that we remand to the sentencing court for such an analysis.

Mr. Mendez has not addressed whether the *second* 1990 federal conviction is comparable to a Washington State crime. He may concede this point. If so, the 1988 crimes would not wash out.

We permit Mr. Mendez an opportunity to request a hearing before the sentencing court. Such a hearing may be requested, but only if he files his request within 60 days of the issuance of this court's mandate. If he so chooses, the sentencing court may determine whether either of the 1990 federal convictions is comparable to a Washington State crime. If so, the 1988 convictions do not wash out. Consistent with RCW 9.94A.530(2), the State may introduce additional evidence at the hearing.

C.      EXCEPTIONAL SENTENCE FINDINGS

Mr. Mendez assigns error to the sentencing court's failure to enter findings of fact and conclusions of law in support of the exceptional sentence it imposed based on free crimes. The trial court later entered those findings and conclusions. We permitted Mr. Mendez to file a supplemental brief. He declined. We construe this as a concession.

D.      CLERICAL ERROR IN JUDGMENT AND SENTENCE

Mr. Mendez argues that paragraphs 2.6, 3.2, and 4.A.2 of the judgment and sentence are internally inconsistent. The State responds that the sentencing court intended to enter a similar consecutive sentence as the original sentence, and that the "and 4" phrase in paragraph 4.A.2 should be struck so the paragraphs are internally consistent. Mr. Mendez did not object to this remedy in his reply brief. We therefore remand to the sentencing court for it to enter an order redacting "and 4" from paragraph 4.A.2 in the July 15, 2016 judgment and sentence. Mr. Mendez's presence is not necessary.

E.      COSTS OF INCARCERATION

Mr. Mendez argues that this court should accept review of whether the trial court erred when it imposed the $500 discretionary LFO. The State argues this court should not grant review but agrees to strike the discretionary LFO in the event this court does grant review.

RAP 2.5(a) provides that an "appellate court may refuse to review any claim of error which was not raised in the trial court." For this reason, a defendant who does not object to the imposition of discretionary LFOs at sentencing is not automatically entitled to review. *State v. Blazina*, 182 Wn.2d 827, 832, 344 P.3d 680 (2015). Mr. Mendez did not object to the sentencing court's imposition of the $500 discretionary LFO.

8

Mr. Mendez asks this court to accept discretionary review, which this court is entitled to do. *See id.* at 835. An approach favored by this author is to consider the administrative burden and expense of bringing a defendant to court for a new hearing versus the likelihood that the discretionary LFO result will change. *State v. Arredondo*, 190 Wn. App. 512, 538, 360 P.3d 920 (2015). "An important consideration of this analysis is the dollar amount of discretionary LFOs imposed by the sentencing court." *Id.* Where the discretionary LFOs total less than $750, this author declines to accept review unless resentencing would require the defendant's presence anyway. Here, the scrivener's error does not require Mr. Mendez's presence, and the discretionary LFO is less than $750. We, therefore, decline to accept review of this unpreserved error.

Affirm, except remand to correct scrivener's error, and limited option for hearing on comparability issue.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

I CONCUR:

Fearing, J.

9

34639-1-III

SIDDOWAY, J. (dissenting in part) — I would not invite Jose Mendez to request a hearing on the comparability of his 1990 federal conviction for distribution of a controlled substance for two reasons. The first is that he did not assign error to the failure to conduct a comparability analysis of that crime.

The second is that if Mr. Mendez accepts the invitation, the most he stands to gain from such a hearing is to exclude from the calculation of his offender score a crime that the trial court excluded for a different reason in imposing the original exceptional sentence. Nothing, scorewise, will have changed. Remand is not necessary when the record clearly indicates the sentencing court would have imposed the same exceptional sentence. *State v. Parker*, 132 Wn.2d 182, 189, 937 P.2d 575 (1997). To me, the record is clear.

I otherwise agree with the majority opinion.

_____
Siddoway, J.