**FILED**
**APRIL 8, 2021**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36978-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| JOHNATHON JAMES HANCOCK, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Johnathan Hancock appeals his convictions for first degree child rape and first degree child molestation. He argues convictions for both offenses violate his right to be free from double jeopardy and that the trial court should have excluded the child witness from testifying based on incompetence. We disagree. Mr. Hancock's two convictions were imposed under different statutes and were justified by different evidence. In addition, the trial court had a tenable basis for its competency decision. The judgment of conviction is affirmed.

No. 36978-1-III
*State v. Hancock*

FACTS

In 2016, four-year-old K.F.[1] reported being sexually assaulted by her mother's

friend, an individual eventually identified as Johnathan Hancock. K.F. disclosed multiple

instances of abuse occurring over a period of time. Some incidents involved penetration,

others did not.

In 2018, the State charged Mr. Hancock with one count of first degree child rape

and one count of first degree child molestation. Both counts covered the same time

period: January 1, 2016 to September 1, 2016. Trial did not take place until 2019, when

K.F. was seven years old.

At the outset of trial, the court held a hearing to determine K.F.'s competence

and the admissibility of child hearsay statements. K.F. testified at the hearing, along with

other witnesses. During her testimony, K.F. could not make an in-court identification

of Mr. Hancock or recall any acts of sexual assault. However, she did recall other

details about her life occurring during the time period in question. After hearing from the

witnesses, the trial court ruled K.F. was presumed competent and the defense had not met

---

[1] To protect the privacy interests of K.F., a minor, we use her initials throughout this opinion. Gen. Order 2012-1 of Division III, *In re the Use of Initials or Pseudonyms for Child Victims or Child Witnesses*, (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/ appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=2012_001&div=III.

its burden of showing otherwise. The court also admitted K.F.'s hearsay statements over

Mr. Hancock's objection.

The jury convicted Mr. Hancock as charged. Mr. Hancock now appeals.

ANALYSIS

*Double jeopardy*

Mr. Hancock argues his two convictions encompass the same offense in violation

of his right to be free from double jeopardy. We disagree.

Both the United States Constitution and Washington State Constitution protect the

right of individuals to be free from double jeopardy. U.S. CONST. amend. V, XIV; WASH.

CONST. art. I, § 9. The three components of this protection are: (1) the right not to be

prosecuted a second time for the same offense after acquittal, (2) the right to be free from

a second prosecution for the same offense after conviction, and (3) the right not to be

punished multiple times for the same offense. *State v. Fuller*, 185 Wn.2d 30, 33-34, 367

P.3d 1057 (2016). The third component is at issue here.[2]

The right to be free from multiple punishments is a unique constitutional

protection. The State has broad authority to extract multiple punishments for the same

---

[2] The fact that multiple punishments are ordered to run concurrently does not change the double jeopardy analysis. *State v. Calle*, 125 Wn.2d 769, 773, 888 P.2d 155 (1995).

conduct. *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 980, 329 P.3d 78 (2014). Double jeopardy provides no defense, so long as multiple punishments are consistent with legislative intent. *Id*. The question presented by a double jeopardy/multiple punishment challenge is, therefore, purely a matter of statutory interpretation. *Id*. The constitutional hook is that unlike other statutory rights, a double jeopardy challenge can be raised for the first time on appeal. *See State v. Adel*, 136 Wn.2d 629, 631-32, 965 P.2d 1072 (1998).

When analyzing legislative intent, our reference point is statutory language. *State v. Freeman*, 153 Wn.2d 765, 771-72, 108 P.3d 753 (2005). If the legislature has expressly authorized multiple punishments for the same offense, then our analysis ends; double jeopardy is no bar to multiple punishments. The prime example of express legislative intent is the anti-merger provision in Washington's burglary statute, RCW 9A.52.050. This provision "explicitly provides that burglary shall be punished separately from any related crime." *Freeman*, 153 Wn.2d at 772. Unfortunately, the legislature does not generally provide express intent. Thus, the double jeopardy analysis must go further.

Our courts have developed a multi-pronged, cyclical test for discerning legislative intent in the double jeopardy context. The test is complex and its components are frequently misapplied. A road map is in order.

4

The rules for analyzing legislative intent in the double jeopardy context depend on the type of claim at issue. When a defendant challenges multiple convictions under the same statute, double jeopardy turns on the unit of prosecution analysis. *See, e.g.*, *Villanueva-Gonzalez*, 180 Wn.2d at 980-81.[3] But when, as here, a defendant is challenging convictions under more than one statute, double jeopardy looks to the same evidence test. *In re Pers. Restraint of Borrero*, 161 Wn.2d 532, 536-37, 167 P.3d 1106 (2007).

The same evidence test mirrors the test outlined by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *State v. Louis*, 155 Wn.2d 563, 569, 120 P.3d 936 (2005). The same evidence test asks, in a nonabstract manner, whether two offenses are the same in law and in fact. *Freeman*, 153 Wn.2d at 772. "If each offense includes an element not included in the other, and each requires proof of a fact the other does not, then the offenses are not

---

[3] The unit of prosecution analysis asks whether the legislature intended to punish a course of conduct or separate discrete acts. *Villanueva-Gonzalez*, 180 Wn.2d at 982. Double jeopardy does not prohibit the State from filing multiple counts under the same statute to cover several discrete acts; however, in such circumstances double jeopardy generally requires the jury to be instructed that its verdict on each count must be based on separate and distinct acts. *State v. Mutch*, 171 Wn.2d 646, 662, 254 P.3d 803 (2011).

constitutionally the same under this test." *State v. Hughes*, 166 Wn.2d 675, 682, 212 P.3d 558 (2009).

The results of the same evidence test create a strong presumption of the legislature's intent regarding multiple punishments. *Louis*, 155 Wn.2d at 570. But it is not dispositive. The presumption can be overcome "by clear evidence of contrary intent." *State v. Calle*, 125 Wn.2d 769, 780, 888 P.2d 155 (1995).

One way the same evidence presumption can be rebutted is under the doctrine of merger. *See Louis*, 155 Wn.2d at 570. "Under the merger doctrine, when the degree of one offense is raised by conduct separately criminalized by the legislature, we presume the legislature intended to punish both offenses through a greater sentence for the greater crime." *Freeman*, 153 Wn.2d at 772-73.

The outcome of a formal merger analysis is also not dispositive. Even when two statutory violations appear to merge on an abstract level, "they may be punished separately if the defendant's particular conduct demonstrates an independent purpose or effect of each" offense. *State v. Kier*, 164 Wn.2d 798, 804, 194 P.3d 212 (2008).[4]

---

[4] The double jeopardy analysis is distinct from the same criminal conduct analysis under RCW 9.94A.589(1)(a). The same criminal conduct test applies at sentencing when multiple separate offenses involve "the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a)

Here, Mr. Hancock was convicted of first degree rape of a child in violation of

RCW 9A.44.073(1) and first degree child molestation in violation of RCW 9A.44.083(1).

The legislature has not expressly stated whether child rape and child molestation should

be punished separately when committed during the same charging period. Thus, we must

engage in statutory interpretation to discern the legislature's intent.

Because Mr. Hancock's double jeopardy challenge involves violations of different

statutes, we turn to the same evidence test.[5] We begin by noting there are technical

differences between the offense of child rape and child molestation. Child rape requires

proof of sexual intercourse, child molestation does not; child molestation requires specific

intent (acting with the purpose of sexual gratification), while child rape does not. *State v.*

*Wilkins*, 200 Wn. App. 794, 807-08, 403 P.3d 890 (2017). But technical differences are

not always sufficient to distinguish two crimes under the same elements test. *See Hughes*,

166 Wn.2d at 682-84. The real question is whether, under the circumstances of a case,

each charged offense required proof of a fact that the other did not. *Freeman*, 153 Wn.2d

---

[5] Mr. Hancock spends most of his brief arguing the trial court should have instructed the jury that the two charged offenses needed to be proven by separate and distinct conduct. But this analysis is part of the unit of prosecution test, applicable when the State brings multiple charges based on the same criminal statute. Here, Mr. Hancock was charged with violations of different statutes. Accordingly, the legal issues pertaining to the unit of prosecution analysis are not applicable.

at 772. We look to the entire record to make this determination. *See In re Pers. Restraint of Knight*, 196 Wn.2d 330, 341-42, 473 P.3d 663 (2020).

In Mr. Hancock's case, the State made clear the rape charge was factually distinct from the child molestation charge. The State did not argue Mr. Hancock committed the crimes of child rape and child molestation during the same specific act of abuse. The evidence at trial was Mr. Hancock sexually assaulted K.F. on multiple occasions. During summation, the prosecutor explained child rape referred to those instances where Mr. Hancock engaged in sexual intercourse. Child molestation occurred when the encounter "didn't rise to the level of sexual intercourse."[6] 3 Report of Proceedings (June 24, 2019) at 601.

Mr. Hancock's two convictions were not based on the same evidence. We therefore invoke a strong presumption that double jeopardy does not bar his two convictions. Mr. Hancock has not attempted to rebut this presumption with any clear evidence of contrary legislative intent. Nor does the merger doctrine apply. We therefore affirm Mr. Hancock's judgment against his double jeopardy challenge.

---

[6] An instruction advised the jury it must unanimously agree which act served as the basis of each conviction. Mr. Hancock does not raise a unanimity challenge.

*Competency of child witness*

Relying on *State v. S.J.W.*, 149 Wn. App. 912, 206 P.3d 355 (2009) (*S.J.W.* I),

Mr. Hancock argues the trial court used the wrong standard to assess K.F.'s competence.

According to Mr. Hancock, *S.J.W.* I stands for the rule that the party offering a witness's

testimony—in this case the State—has the burden to prove competence. Mr. Hancock

claims K.F.'s memory problems prohibited the State from meeting its burden. Thus, K.F.

should not have been allowed to testify and her child hearsay statements should have been

excluded.[7]

In *S.J.W.* I, Division One of this court ruled the proponent of a witness statement

has the burden of proving competence. 149 Wn. App. at 922. Our court assessed the

circumstances of S.J.W.'s case and determined the trial court improperly assigned the

burden of proof to the defense—the party challenging the witness's testimony.

Nevertheless, we held this error was harmless because the record as a whole showed the

witness was competent.

Even though our court upheld S.J.W.'s conviction, the State filed a petition for

review, arguing we had misstated the burden of proof. The Supreme Court granted review

---

[7] The standard for admission of child hearsay statements is less onerous if the child testifies at trial. *See* RCW 9A.44.120(c)(i).

and agreed with the State that the party challenging a witness's competence bears the

burden of proof. *State v. S.J.W.*, 170 Wn.2d 92, 100, 239 P.3d 568 (2010) (*S.J.W.* II).

The Supreme Court's decision in *S.J.W.* II did not technically reverse our court's

disposition of the appeal, given we had upheld S.J.W.'s conviction. Nevertheless, the

Supreme Court reversed our holding as to burden of proof. Given the Supreme Court's

ruling, our decision in *S.J.W.* I regarding the burden of proof on witness competence is

not good law and should not be cited as such.

The trial court here accurately understood the burden of proof and had a tenable

basis for finding Mr. Hancock had not rebutted the presumption of K.F.'s competence.[8]

At the competency hearing, the trial court went through the factors relevant to

competence under *State v. Allen*, 70 Wn.2d 690, 424 P.2d 1021 (1967).[9] The only real

issue was K.F.'s memory problems. The trial court correctly noted that despite her

memory problems, K.F. retained the ability to detail events occurring contemporaneously

to the incidents of abuse. *State v. Woods*, 154 Wn.2d 613, 620, 114 P.3d 1174 (2005)

---

[8] A trial court's competency decision is reviewed for manifest abuse of discretion. *State v. Brousseau*, 172 Wn.2d 331, 340, 259 P.3d 209 (2011).

[9] The *Allen* factors are: (1) an understanding of the duty to speak the truth, (2) mental capacity at the time of the occurrence to retain an independent recollection, (3) sufficient memory to retain an independent recollection of the occurrence, (4) ability to express memory in words, and (5) ability to understand simple questions about the occurrence. 70 Wn.2d at 692.

(plurality opinion). This suggested K.F. had the mental ability to perceive and recall things that happened to her during the relevant time period. *State v. Przybylski*, 48 Wn. App. 661, 665, 739 P.2d 1203 (1987). This satisfies the competency standard. *Id.* The trial court therefore had an appropriate basis for allowing K.F.'s testimony over Mr. Hancock's objection.

## CONCLUSION

The judgment of conviction is affirmed.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

11