**FILED**
**DECEMBER 16, 2021**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37750-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| DAHNDRE KAVAUGN WESTWOOD, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Dahndre Westwood appeals his sentence for attempted rape,

burglary, and assault, arguing the sentencing range was erroneously inflated due to the

trial court's failure to treat his convictions as the same criminal conduct. At sentencing,

the court relied on *State v. Chenoweth*, 185 Wn.2d 218, 370 P.3d 6 (2016) to reject

Mr. Westwood's same criminal conduct argument. As we explained in a prior

unpublished opinion,[1] *Chenoweth*'s same criminal conduct test does not apply outside

the narrow context of child rape and incest. In cases such as Mr. Westwood's, involving

different statutes of conviction, the applicable test is *State v. Dunaway*, 109 Wn.2d 207,

743 P.2d 1237, 749 P.2d 160 (1987). We again remand for resentencing pursuant to

*Dunaway*.

## FACTS

Dahndre Westwood broke into a home, attempted to rape a woman, and then

assaulted her when she resisted the attack. A jury later convicted Mr. Westwood of

attempted first degree rape, first degree burglary, and first degree assault.[2] At sentencing,

Mr. Westwood requested his three convictions be treated as the same criminal conduct.

Were the court to have granted this request, Mr. Westwood's final sentence would

have been significantly reduced, based on a lower offender score and a requirement

of concurrent terms of incarceration. Relying on *Chenoweth*, the trial court denied

---

[1] *State v. Westwood*, No. 35792-9-III (Wash. Ct. App. Mar. 19, 2020) (unpublished) (*Westwood* II), https://www.courts.wa.gov/opinions/pdf/357929_unp.pdf.

[2] The jury also convicted Mr. Westwood of second degree assault, but the trial court dismissed this conviction on double jeopardy grounds. The State agreed with dismissal.

Mr. Westwood's same criminal conduct request. The court ruled that because the three

convictions each carried a different statutory mens rea, they did not qualify for treatment

as same criminal conduct. The court imposed a total sentence of 213 months'

imprisonment, along with a $500 crime victim penalty assessment, a $200 criminal filing

fee, and a $100 DNA (deoxyribonucleic acid) collection fee.

Mr. Westwood appealed his judgment and sentence. In our prior unpublished

opinion, we generally affirmed Mr. Westwood's convictions, but remanded for

resentencing on the same criminal conduct issue. *See State v. Westwood*, No. 35792-9-III,

slip op. at 2 (Wash. Ct. App. Mar. 19, 2020) (unpublished) (*Westwood* II),[3]

https://www.courts.wa.gov/opinions/pdf/357929_unp.pdf. *Westwood* II held *Chenoweth*'s

same criminal conduct analysis is limited to the crimes of rape and incest. In other

contexts, we explained our Supreme Court's earlier holding in *Dunaway* remains binding.

*Dunaway* held that the mens rea or intent component of the same criminal conduct

analysis is determined not by the statutory elements of the offense, but by whether the

---

[3] Prior to the appeal in *Westwood* II addressing the same criminal conduct issue, we issued a published decision, holding the trial court erroneously rejected the parties' attempt, through a plea agreement, to resolve Mr. Westwood's case short of trial. *State v. Westwood*, 10 Wn. App. 2d 543, 448 P.3d 771 (2019) (*Westwood* I). We remanded in *Westwood* I to allow entry of a plea, but retained jurisdiction to resolve remaining claims if no valid plea occurred. On remand, Mr. Westwood rejected the State's proposed plea. We therefore issued our follow-up decision in *Westwood* II.

3

defendant's criminal intent, viewed objectively, "changed from one crime to the next."

109 Wn.2d at 215.[4]

Because we remanded the case for resentencing, we did not address the additional

claims of Mr. Westwood that the trial court erroneously imposed various legal financial

obligations (LFOs). Instead, we noted the court could address Mr. Westwood's objections

to LFOs at resentencing.

After *Westwood* II but before resentencing, Division Two of this court issued

its decision in *State v. Johnson*, 12 Wn. App. 2d 201, 460 P.3d 1091 (2020), *aff'd on

other grounds*, 197 Wn.2d 740, 487 P.3d 893 (2021), which applied *Chenoweth* to

crimes beyond rape and incest. *Johnson*, 12 Wn. App. 2d at 211-13. On remand in

Mr. Westwood's case, the State argued *Johnson* was binding precedent that effectively

overruled our prior opinion in *Westwood* II.

The trial court conducted a hearing at which it heard from the State, defense

counsel, Mr. Westwood, and the victim. The court took the matter under advisement

and subsequently issued a letter opinion, explaining it had decided "not [to] resentence"

Mr. Westwood. Clerk's Papers at 71, *Westwood* II, No. 35792-9-III (Wash. Ct. App.).

---

[4] The same criminal conduct analysis is set forth in RCW 9.94A.589(1)(a) and includes three total components that ask if multiple crimes are the same in terms of (1) intent/mens rea, (2) time and place, and (3) identity of victim.

The trial court did not explain whether it agreed with the State that the essence of our

mandate had been overruled by *Johnson*. But the court also did not follow *Westwood* II,

which had directed it to look at *Dunaway* instead of *Chenoweth*. Rather than clarify

which appellate precedent it deemed binding, the court engaged in an independent

analysis of *Chenoweth* and determined that, under *Chenoweth*, it must assess the intent

component of the same criminal conduct analysis according to the legislature's intent,

not the defendant's. *Id*. at 65. Because the legislature had different purposes in punishing

assault, burglary, and rape, the trial court ruled the three offenses did not constitute the

same criminal conduct. *Id*. at 70.

Because the trial court did not conduct a resentencing hearing, it did not readdress

Mr. Westwood's LFOs as contemplated by our prior decision.

Mr. Westwood again appeals.

ANALYSIS

*Same criminal conduct*

"The Sentencing Reform Act of 1981 (SRA)[, chapter 9.94A RCW,] imposes a

regime of structured discretion." *State v. Parker*, 132 Wn.2d 182, 186, 937 P.2d 575

(1997). At the heart of the SRA is a sentencing grid, which sets forth a series of standard

sentencing ranges applicable to all offenses of conviction.[5] The standard range is set by the seriousness level of the defendant's offense and the defendant's offender score. RCW 9.94A.510, .517. A defendant's offender score is calculated using both current and prior convictions. RCW 9.94A.589(1)(a). But not every conviction is included separately. Convictions encompassing the same criminal conduct count as only one offense. *Id*. In addition, current convictions that are considered the same criminal conduct must be ordered to run concurrently. *Id*.

The SRA defines "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." *Id*. The defendant bears the burden of proving multiple crimes constitute the same criminal conduct. *State v. Aldana Graciano*, 176 Wn.2d 531, 539-40, 295 P.3d 219 (2013). Because the assessment of whether two crimes constitute the same criminal conduct is fact intensive, we review a sentencing court's decision in this context for abuse of discretion. *Id*. at 535-36. The court necessarily abuses its discretion if it makes a mistake of law. *Council House, Inc. v. Hawk*, 136 Wn. App. 153, 159, 147 P.3d 1305

---

[5] There are actually two sentencing grids. One for most offenses, RCW 9.94A.510, and one for drug offenses, RCW 9.94A.517.

(2006). Legal issues are matters we review de novo. *State v. Ramirez*, 191 Wn.2d 732, 740, 426 P.3d 714 (2018).

The same criminal conduct test evokes the concept of double jeopardy. *See* U.S. CONST. amend. V; WASH. CONST. art. I, § 9. Double jeopardy protects against not only multiple convictions, but also multiple punishments. *State v. Hancock*, 17 Wn. App. 2d 113, 117, 484 P.3d 514, *review denied*, 198 Wn.2d 1005, 493 P.3d 739 (2021). This aspect of double jeopardy is unique in that it does not encompass a freestanding right. "The State has broad authority to extract multiple punishments for the same conduct." *Id*. "Double jeopardy provides no defense, so long as multiple punishments are consistent with legislative intent." *Id*. Assessing whether a defendant has been subject to multiple punishments in violation of double jeopardy is "purely a matter of statutory interpretation." *Id*. Our review of a double jeopardy challenge is de novo. *State v. Kelly*, 168 Wn.2d 72, 76, 226 P.3d 773 (2010). Because double jeopardy is a constitutional claim, it can be raised for the first time on appeal. *Hancock*, 17 Wn. App. 2d at 117.

While the same criminal conduct analysis brings to mind the concept of double jeopardy, the two doctrines are distinct and require "a separate analysis." *State v. French*, 157 Wn.2d 593, 611, 141 P.3d 54 (2006). Unlike a double jeopardy challenge, a same criminal conduct claim is purely statutory and must be preserved in the trial court in order

to generate a right of appeal. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 875, 50 P.3d 618 (2002). The essence of a same criminal conduct challenge is factual, not legal. *Aldana Graciano*, 176 Wn.2d at 539-40. Thus, unlike what is true in the double jeopardy context, our review is for abuse of discretion. *Id*. at 537. The Washington Supreme Court has emphatically rejected a de novo standard in this context. *Id*.

For decades, the leading case in the same criminal conduct arena has been our Supreme Court's 1987 decision in *Dunaway*.[6] The *Dunaway* court adopted the analysis in recent Court of Appeals decisions and held the "same criminal conduct" test turns on whether the defendant's objective manifestation of intent changed from one crime to the next. 109 Wn.2d at 214-15. Although *Dunaway* used the word "intent" it did not do so in a formalistic way, as one would do when discussing elements of an offense. *See State v. Adame*, 56 Wn. App. 803, 810-11, 785 P.2d 1144 (1990) ("Intent, in this context, is not the particular *mens rea* element of the particular crime, but rather is the offender's objective criminal purpose in committing the crime."). We look to the objective purpose

---

[6] The Supreme Court has repeatedly identified *Dunaway* as setting forth the same criminal conduct analysis. *See In re Pers. Restraint of Connick*, 144 Wn.2d 442, 459, 28 P.3d 729 (2001), *overruled in part on other grounds by In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002); *State v. Haddock*, 141 Wn.2d 103, 112-13, 3 P.3d 733 (2000); *State v. Garza-Villarreal*, 123 Wn.2d 42, 46-47, 864 P.2d 1378 (1993); *State v. Elliott*, 114 Wn.2d 6, 16-17, 785 P.2d 440 (1990).

of the defendant's crime (e.g., to steal money or to kill another) to discern whether the "same criminal conduct" test was met. *See id*.; *Dunaway*, 109 Wn.2d at 214-15.

The fact-intensive nature of *Dunaway*'s test has meant the same criminal conduct analysis does not always yield an obvious result. Courts may look at "whether one crime furthers the other or whether the offenses were part of a recognized plan or scheme" in assessing intent. *State v. Kloepper*, 179 Wn. App. 343, 357, 317 P.3d 1088 (2014). The various ways a trial court may assess intent under the same criminal conduct standard does not mean there is a defect in the approach, it just means different finders of fact might see things differently. This is fully consistent with the abuse of discretion standard of review. A trial court does not abuse its discretion "where the record adequately supports" a conclusion either for or against finding the same criminal conduct. *Aldana Graciano*, 176 Wn.2d at 537-38.

In its 2016 decision in *Chenoweth*, our Supreme Court departed from the *Dunaway* standard without specifically mentioning *Dunaway*. *Chenoweth* addressed the specific issue of "whether the crimes of rape of a child and incest based on a single act are, as a matter of law, considered the 'same criminal conduct' under the [SRA]." 185 Wn.2d at 219. Mr. Chenoweth was convicted of six counts of third degree child rape and six counts of first degree incest. The victim was his daughter. The convictions were based on six

separate incidents, with each incident being assigned both a rape and incest charge.

Mr. Chenoweth argued "that child rape and incest, based on a single act, as a matter

of law constitute the same criminal conduct." *Id.* at 221. The Supreme Court disagreed,

recognizing the legislature indicated its intent that rape and incest be treated separately

by virtue of adopting distinct mens rea elements for each of the offenses.

Given *Chenoweth* did not address or analyze the standard recognized in *Dunaway*,

we cannot conclude *Chenoweth* implicitly overruled *Dunaway*. A later holding of the

Supreme Court will only overrule "a prior holding sub silentio when it directly contradicts

the earlier rule of law." *Lunsford v. Saberhagen Holdings, Inc.*, 166 Wn.2d 264, 280,

208 P.3d 1092 (2009). Here, there is no direct contradiction. *Chenoweth* specifically

addressed the limited issue of how a trial court should treat the simultaneous commission

of child rape and incest. Both parties asserted there was no discretion as to whether the

two offenses could be classified as one offense or two. According to the defense, the

two offenses must be treated the same; the State argued they had to be treated differently.

The Supreme Court sided with the State. We agree with Division One of this court that

*Chenoweth* is a narrow decision that must be limited to its specific statutory context.

*State v. Hatt*, 11 Wn. App. 2d 113, 143, 452 P.3d 577 (2019), *review denied*, 195 Wn.2d

1011, 460 P.3d 176 (2020). We respectfully disagree with Division Two's application of

*Chenoweth* outside of the context of child rape and incest. *See Johnson*, 12 Wn. App. 2d

at 211-13; *State v. Smith*, No. 50397-2-II, slip op. (unpublished portion) at 18-20

(Wash. Ct. App. Jan. 23, 2019), https://www.courts.wa.gov/opinions/pdf/D2%2050397-2-

II%20Published%20Opinion.pdf.[7]

Turning to Mr. Westwood's case, the sentencing court committed legal error (and

thereby necessarily abused its discretion) when, on remand, it analyzed Mr. Westwood's

same criminal conduct argument under *Chenoweth* instead of *Dunaway*.[8] Given this error,

we again remand for resentencing pursuant to *Dunaway*. On remand, the trial court shall

exercise its discretion in determining whether, as a factual matter, Mr. Westwood's

various offenses constitute the same criminal conduct. This exercise of discretion must

---

[7] We are not bound by decisions issued by other divisions of the Court of Appeals. *In re Pers. Restraint of Arnold*, 190 Wn.2d 136, 154, 410 P.3d 1133 (2018); *In re Marriage of Snider*, 6 Wn. App. 2d 310, 315, 430 P.3d 726 (2018). "[P]rior Court of Appeals decisions constitute persuasive, not binding authority." *Arnold*, 190 Wn.2d at 150-51. Contrary to what was advanced by the State in the trial court, "one panel of the Court of Appeals does not 'overrule' a decision of a previous panel." *Grisby v. Herzog*, 190 Wn. App. 786, 808, 362 P.3d 763 (2015). "[O]nly the Supreme Court can overrule a Court of Appeals decision." *Id*. at 808-09.

[8] Although the trial court's overall decision regarding same criminal conduct is reviewed for abuse of discretion, "discretion is abused" if it is "rooted in legal error." *In re Petition for Order for Prot. of K.G.T.*, 16 Wn. App. 2d 787, 791, 483 P.3d 808 (2021).

take place through the resentencing process, not simply through issuance of a written

order. *See State v. McFarland*, 18 Wn. App. 2d 528, 492 P.3d 829, 830, 833 (2021).[9]

*LFOs*

  In addition to challenging his sentence, Mr. Westwood contends the trial court

erroneously imposed a $200 criminal filing fee and $100 DNA collection fee. Under

2018 amendments to Washington's LFO statutes, criminal filing fees cannot be imposed

on defendants who meet the statutory definition of indigence. RCW 36.18.020(2)(h).

In addition, DNA collection fees may no longer be imposed on individuals who have

previously submitted DNA samples. RCW 43.43.7541. The State concedes Mr.

Westwood is entitled to have the sentencing court assess imposition of LFOs under

the current statutory framework. We direct this matter be addressed on remand at

resentencing.

## CONCLUSION

  We reverse the trial court's order on resentencing and remand for resentencing

consistent with the terms of this decision. At resentencing, the trial court shall exercise

---

[9] In addition, the trial court calculated Mr. Westwood's prior offender score to be one and one-half, including a juvenile conviction for possession of methamphetamine. Such convictions are now constitutionally invalid. *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021). Resentencing shall take into account the impact of *Blake*.

No. 37750-4-III
*State v. Westwood*

its discretion to decide whether Mr. Westwood's current convictions involved the same

criminal conduct. The trial court shall also determine the applicability of LFOs, based on

the recent changes to the LFO laws, and the impact of *Blake* on Mr. Westwood's offender

score.

_____, C.J.
                Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Staab, J.