IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38572-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| LOUIS NOBERTO MENDEZ, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — In this appeal, Louis Mendez challenges two aspects of his

judgment and sentence: the listing of a merged conviction and the length of a protection

order. We accept the State's concessions that the conviction should be erased and the

protection order should be shortened in duration. We also reject four assignments of

error asserted by Mendez in his statement of additional grounds.

FACTS

Louis Mendez is A.L.'s stepfather. According to A.L., one night in June 2019,

when she was 14 years old, Mendez licked and inserted his penis into her vagina.

PROCEDURE

On June 26, 2019, the State of Washington charged Louis Mendez with rape of a

child in the third degree. On June 18, 2021, the State amended the information to add a

charge of child molestation in the third degree. On July 1, 2021, the State amended the information a second time to also allege incest in the first degree.

Louis Mendez's initial trial date was August 19, 2019. The trial court continued the trial twenty-one times until it commenced on October 11, 2021. The State requested some of the continuances. Defense counsel requested other continuances. Still other continuances resulted from the COVID-19 pandemic. On July 16, 2020, and July 2, 2021, Mendez announced his personal objection to further continuances. On September 2, 2021, Louis Mendez requested a bench trial.

During trial, Louis Mendez testified to being A.L.'s stepfather. In closing argument, the prosecuting attorney intoned:

> OK. Your Honor, I want you just, just to remind you what the counts are in this case. And one thing I want you to understand is that rape of a child in the third degree and child molestation in the third degree, there's some legal issues with that. They need to be separate and distinct. There's also *State v. Land* [, 172 Wn. App. 593, 295 P.3d 782 (2013)]. So the one thing I want to make sure is that if you find him guilty of rape of a child in the third degree, it can't be on the same conduct as the child molestation in the first—in the third degree. There's also oral sex in this case, which makes it a little bit messier and which is also probably all one act arguably. *Therefore, if you find him guilty of rape of a child in the third degree, I'm just going to ask that you not find him guilty of child molestation in the second degree.* I think that's going to keep it cleaner.

Report of Proceedings (RP) (Oct. 13, 2021) at 344 (emphasis added).

In an oral ruling, the trial court remarked that the State proved the elements of all three charges: rape of a child, child molestation, and incest. Nevertheless, the court

commented, in light of the State's concession, that count 2 would be dismissed at the time of sentencing because of the doctrine of merger.

The trial court entered written findings of fact and conclusions of law. One conclusion of law read that the conviction for count 2, child molestation, merged with the conviction for count 1, child rape. None of the court's findings or conclusions mentioned Louis Mendez's mens rea. On the judgment and sentence, the trial court convicted Louis Mendez of both rape of a child in the third degree and child molestation in the third degree but noted next to the molestation count "(MERGES WITH COUNT I)." Clerk's Papers at 189 (boldface omitted).

The trial court imposed no sentence for child molestation and ran the sentence for incest concurrent to the sentence for rape. The trial court also imposed a sexual assault protection order prohibiting Louis Mendez from contacting A.L. until November 14, 2031.

LAW AND ANALYSIS

Child Molestation Conviction

Louis Mendez requests that this court remand to the trial court to strike any reference to a conviction for child molestation in the third degree from the judgment and sentence. Mendez argues that the conviction violates his right to be free from double jeopardy. The State agrees.

We recognize that child molestation and child rape may not always merge for purposes of double jeopardy. *State v. Hancock*, 17 Wn. App. 2d 113, 117-21, 484 P.3d 514 (2021); *State v. Sanford*, 15 Wn. App. 2d 748, 752-58, 477 P.3d 72 (2020); *State v. Wilkins*, 200 Wn. App. 794, 804-14, 403 P.3d 890 (2017); *State v. Land*, 172 Wn. App. 593, 600, 295 P.3d 782 (2013). The State might have argued that Louis Mendez's oral-genital contact supported the child molestation charge while penetration supported the child rape charge. Nevertheless, we adopt, for purposes of this appeal, the State's position that Mendez's conduct against A.L. probably constituted only one act.

A judgment and sentence must not include a reference to a vacated conviction. *State v. Turner*, 169 Wn.2d 448, 464, 238 P.3d 461 (2010). Therefore, we grant Louis Mendez's request to remand for the striking of all references to a child molestation conviction from Mendez's felony judgment and sentence.

Protection Order

Louis Mendez contends that the trial court erred in entering a 10-year sexual assault protection order. The State agrees.

The controlling statute places a time limitation on a sexual assault protection order:

> A final sexual assault no-contact order entered in conjunction with a criminal prosecution shall remain in effect for a period of two years following the expiration of any sentence of imprisonment and subsequent period of community supervision, conditional release, probation, or parole.

4

Former RCW 7.90.150(6)(c) (2021), *recodified as* RCW 9A.44.210(6)(c) (LAWS OF

2021, ch. 215, § 168).

The State proposes we remand for the trial court to enter the following language in

the judgment and sentence:

> The Sexual Assault No Contact Order shall remain in effect for a period of two years following the expiration of any sentence of imprisonment and subsequent period of community supervision, conditional release, probation, or parole, which the State calculates as (specific date calculated based on earned early release credit) subject to adjustments regarding compliance credits or applicable tolling of community custody.

Br. of Resp't at 5.  We grant this request.

### Speedy Trial

We now begin a review of Louis Mendez's statement of additional grounds.

Louis Mendez contends that the numerous continuances to his trial date violated

his right to a speedy trial.  In Washington, CrR 3.3 protects a defendant's right to a

speedy trial.  *State v. Denton*, 23 Wn. App. 2d 437, 448, 516 P.3d 422 (2022).  We

exclude the vast majority of trial continuances from our time-to-trial consideration either

because Mendez agreed to the continuances, CrR 3.3(f)(1), or because Mendez himself

moved for the continuances, CrR 3.3(f)(2).

The record does not account for the period between June 11, 2020, thru July 9,

2020, during the height of the COVID-19 pandemic.  On May 28, 2020, the Supreme

Court of Washington issued the Third Revised and Extended Order Regarding Court

5

Operations, No. 25700-B-625 (Wash. May 28, 2020),

https://www.courts.wa.gov/content/publicUpload/Supreme%20Court%20Orders/Extende

d%20and%20Revised%20SCT%20Order%20052820.pdf. The order suspended all

criminal jury trials until at least July 6, 2020. Order at 6.

Louis Mendez raised personal objections to continuances twice. A party loses the

right to object to an improperly set trial date if he fails to raise such objection within ten

days after receipt of notice of the trial date. CrR 3.3(d)(3). On July 9, 2020, Mendez

failed to appear and his attorney noted his personal objection to additional continuances.

Mendez's failure to appear itself constituted a resetting of the commencement date.

CrR 3.3(c)(2)(ii).

At a July 16, 2020, hearing, Louis Mendez appeared and personally objected to

further continuances. The record does not identify whether Mendez withdrew his

objection in the following months of continuance orders. On February 18, 2021, Mendez

again requested a continuance.

In a series of emergency orders, the Benton and Franklin Counties Superior Court

suspended jury trials from August 2020 to February 1, 2021. County of Benton

Washington, Emergency Orders & Temporary Docket Procedures: Benton and Franklin

Counties Jury Trials, https://co.benton.wa.us/pview.aspx?id=55200&catid=0.

Following the expiration of the COVID-19 emergency orders, Louis Mendez

personally objected to a continuance on July 2, 2021. Nevertheless, a continuance was

necessitated by Mendez's withdrawal of a CrR 3.5 waiver on the eve of trial. The court found good cause for a continuance over Mendez's personal objection. A court may continue a trial date for good cause under CrR 3.3(f)(2). Mendez did not move for a bench trial until September 2, 2021. We conclude that the trial court proceedings did not violate Louis Mendez's right to a speedy trial. An appendix lists the continuances and reasons for the continuances.

### Prosecutorial Misconduct

Louis Mendez alleges the State committed prosecutorial misconduct and violated CrR 8.3(b) by twice amending the information to add charges close to the date of trial. Mendez never advanced this argument before the trial court.

CrR 8.3(b) permits a court to "dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." Mere passage of time prior to the filing of charges does not, alone, prejudice a defendant's right to a fair trial. *State v. Rohrich*, 149 Wn.2d 647, 658-59, 71 P.3d 638 (2003).

CrR 2.1(d) permits the State to amend an information "at any time before verdict or finding if substantial rights of the defendant are not prejudiced." Louis Mendez's trial counsel had over three months to prepare defenses to the child molestation and incest charges. Our Supreme Court has scrutinized, but not categorically prohibited, amendments following the conclusion of the State's case in chief. *State v. Brooks*, 195

7

Wn.2d 91, 96-104, 455 P.3d 1151 (2020). Mendez provides no authority suggesting that a defendant may be prejudiced by an amendment to an information advanced three months prior to trial.

Lack of Physical Evidence

Louis Mendez contends that no physical evidence supported his convictions. Mendez never advanced this argument before the trial court.

Physical evidence is not required to sustain a criminal conviction. A reviewing court defers to the fact finder on issues of witness credibility, testimony, and persuasiveness of the evidence. *State v. Rodriguez*, 187 Wn. App. 922, 930, 352 P.3d 200 (2015). A.L.'s trial testimony alone was sufficient to sustain the convictions against Louis Mendez.

Mens Rea

Louis Mendez argues that the trial court failed to enter any mens rea findings relating to his convictions. Mendez never advanced this argument before the trial court.

Following a bench trial, a court must enter written findings of facts and conclusions of law. CrR 6.1(d). Each element must be addressed separately, setting out the factual basis for each conclusion of law, and each finding must specifically state that an element has been met. *State v. Banks*, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003).

Because rape of a child is a strict liability crime, the State need only prove that a defendant had sexual intercourse with a child under a particular age. *State v. Blake*,

8

197 Wn.2d 170, 194, 481 P.3d 521 (2021).  The trial court therefore was not required to include a mens rea finding relating to the rape conviction.

The lack of a mens rea finding on the incest conviction, however, was error.

> A person is guilty of incest in the first degree if he or she engages in sexual intercourse with a person whom he or she *knows to be related to him or her*, either legitimately or illegitimately, as an ancestor, descendant, brother, or sister of either the whole or the half blood.

RCW 9A.64.020(1)(a) (emphasis added).  A "descendant" may be a stepchild under eighteen years of age.  RCW 9A.64.020(3)(a).  The trial court failed to enter any finding relating to Louis Mendez's knowledge that A.L. was his stepdaughter.

Failure by a trial court to enter a finding pertaining to a necessary element is harmless error when the record demonstrates beyond a reasonable doubt that the error did not contribute to the verdict obtained.  *State v. Banks*, 149 Wn.2d 38, 44 (2003).  Louis Mendez admitted at trial that he was A.L.'s stepfather.  The trial court's findings and conclusions, which Mendez did not contest, necessitate an inference of knowledge.  We discern no reasonable probability that the outcome of the incest conviction would differ on remand.

## CONCLUSION

We affirm Louis Mendez's convictions for child rape and incest.  We remand to the trial court to strike, from the judgment and sentence, all references to a conviction for

No. 38572-8-III
*State v. Mendez*

child molestation and for the court to reduce the duration of the protection order

consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Pennell, J.

## Appendix: Continuances Table

| Date Extension Filed | New Trial Date Set | Defense posture | Clerk's Papers | Transcript |
|---|---|---|---|---|
| Thursday, June 27, 2019 | Monday, August 19, 2019 | Initial date setting | CP 17 | |
| Thursday, August 8, 2019 | Monday, October 14, 2019 | Defense agrees | CP 25 | |
| Thursday, October 3, 2019 | Monday, December 9, 2019 | Defense agrees | CP 28 | |
| Wednesday, November 27, 2019 | Monday, January 13, 2020 | Defense agrees | CP 32 | |
| Thursday, January 2, 2020 | Monday, February 3, 2020 | No agreement or objection noted | CP 35 | |
| Thursday, January 30, 2020 | Monday, March 9, 2020 | Defense agrees | CP 38 | |
| Thursday, February 27, 2020 | Monday, April 6, 2020 | Defense agrees | CP 40 | |
| Friday, March 20, 2020 | Thursday, June 11, 2020 | Defense motion | CP 42-44 | |
| Unaccounted period: June 11, 2020-July 9, 2020 | | | | |
| Thursday, July 9, 2020 | Reset for def. failure to appear | Defendant FTA; Att'y notes Defendant objection | CP 70 | RP (July 9, 2020) 4-6 |
| Thursday, July 16, 2020 | Monday, September 21, 2020 | Defendant objection | CP 71 | RP (July 16, 2020) 10-14 |
| Thursday, September 10, 2020 | Monday, November 9, 2020 | Continuing def. objection (7/16) | CP 72 | |
| Thursday, October 29, 2020 | Monday, December 28, 2020 | Continuing def. objection (7/16) | CP 78 | |
| Thursday, December 17, 2020 | Monday, March 1, 2021 | Continuing def. objection (7/16) | CP 79 | |
| Thursday, February 18, 2021 | Monday, March 29, 2021 | Defense request | CP 80 | RP (Feb. 18, 2021) 16-17 |
| Thursday, March 18, 2021 | Monday, April 19, 2021 | Defense agrees | CP 82 | RP (March 18, 2021) 19-20 |
| Thursday, April 1, 2021 | Monday, June 7, 2021 | Defense request | CP 83 | RP (April 1, 2021) 10-11 |
| Thursday, May 13, 2021 | Sunday, June 20, 2021 | Defense request | CP 84 | RP (May 13, 2021) 12 |
| Thursday, June 3, 2021 | Monday, July 12, 2021 | Defense request | CP 86 | RP (June 3, 2021) 3-4 |
| Friday, July 2, 2021 | Monday, August 30, 2021 | Defense counsel agrees; Defendant objects RP 23. | CP 102 | RP (July 2, 2021) 18-21 |
| Monday, August 23, 2021 | Saturday, September 11, 2021 | Defense request | CP 137-40 | RP (Aug. 23, 2021) 48-52 |
| Friday, September 10, 2021 | Monday, October 11, 2021 | Joint request for September 27; Joint acceptance of revised date. RP 56 | CP 152-56 | RP (Sept. 10, 2021) 55-59 |