IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No.  38336-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SERGIO BARRAGAN VASQUEZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Sergio Barragan Vasquez forced his former girlfriend

into a bedroom where he threatened to kill her.  But when he heard their daughter coming

home, he left the house.  He soon returned, grabbed a knife, found the two hiding in a

bathroom, and then threatened to kill them and then himself.

A jury convicted Mr. Barragan Vasquez of two counts of assault in the second

degree and two counts of felony harassment.  He argues his felony harassment

convictions violate double jeopardy.  He also argues his convictions for threatening to kill

his former girlfriend and assaulting her with a deadly weapon were the same criminal

conduct for scoring purposes, the trial court erred in calculating his offender scores, and

the court erred by imposing the community supervision fee and the domestic violence

assessment.

We conclude the trial court did not violate double jeopardy by entering judgment and punishing Mr. Barragan Vasquez for both pairs of assault in the second degree and felony harassment convictions. We also conclude the trial court did not abuse its discretion by finding that his convictions arising out of his acts toward his former girlfriend were not the same criminal conduct. We further conclude that the trial court erred in calculating Mr. Barragan Vasquez's offender scores for counts 1, 3, 4, and 5. We remand for resentencing and direct the trial court to not impose the community custody supervision fee and to exercise its discretion whether to impose the domestic violence assessment.

FACTS

Sergio Barragan Vasquez and Veronica Pineda-Nunez share a daughter, B.B.P. Ms. Pineda-Nunez and B.B.P. lived with Mr. Barragan Vasquez's sister and other family for a few months. Toward the end of the sister's lease, everyone had moved out of the house except Ms. Pineda-Nunez and B.B.P.

One night in November 2019, Ms. Pineda-Nunez was at the house alone. B.B.P., then eight years old, was with Mr. Barragan Vasquez's sister. Mr. Barragan Vasquez entered the house and told his former girlfriend that he wanted to talk to her in the back

bedroom. She was scared he would do something to her so she refused. He then grabbed her hand and forced her into the bedroom. Once there, he released her and told her he would kill her. Ms. Pineda-Nunez yelled at him, hoping someone would hear her.

At that moment, Mr. Barragan Vasquez's sister dropped off B.B.P. Mr. Barragan Vasquez went outside behind the house and Ms. Pineda-Nunez went into the bathroom. B.B.P. entered the house, her father came back inside, spoke to her, and then he went to the kitchen where he grabbed a knife. Ms. Pineda-Nunez saw her daughter and told her to come into the bathroom with her. Mr. Barragan Vasquez then entered the bathroom with the knife and told Ms. Pineda-Nunez and their daughter that all three of them were going to die. After about 20 minutes, he gave in to B.B.P.'s pleas for him to stop, and he left the house and drove away.

Ms. Pineda-Nunez and B.B.P. called 911 and described the car Mr. Barragan Vasquez was driving. An officer saw the car while responding to the scene and attempted to stop it. After a short high-speed chase, Mr. Barragan Vasquez crashed his car, fled on foot, and was arrested.

The State charged Mr. Barragan Vasquez with two counts of assault in the second degree and two counts of felony harassment (threat to kill) ("FH"), and added a deadly

weapon and a domestic violence ("DV") enhancement to each of the four counts. The State also charged him with attempting to elude a police vehicle.

Prior to trial, Mr. Barragan Vasquez pleaded guilty to attempting to elude. A jury found him guilty of the other four counts and found the presence of all the charged aggravators.

At sentencing, Mr. Barragan Vasquez argued that the assault and harassment convictions with respect to each victim should be considered the same criminal conduct because "[t]here were no separate incidents," just "one occasion" in the bathroom. 2 Rep. of Proc. (RP) (July 9, 2021) at 598. The trial court found that the offenses were the same criminal conduct with respect to B.B.P. but not with respect to Ms. Pineda-Nunez. The court noted that the offenses in the back bedroom and the bathroom happened at two separate times.

There were extensive discussions about how to calculate Mr. Barragan Vasquez's offender score for each conviction. Ultimately, the trial court calculated his offender score as:

Count 1 (assault 2, DV, Pineda-Nunez): 6

Count 2 (assault 2, DV, B.B.P.): 5

Count 3 (attempting to elude): 4

4

Count 4 (FH, DV, Pineda-Nunez):       6

Count 5 (FH, DV, B.B.P.):       4

Based on these offender scores, the trial court sentenced Mr. Barragan Vasquez to the bottom-end standard range sentence of 69 months and imposed a $500 victim assessment, a $100 domestic violence victim assessment, a $100 deoxyribonucleic acid (DNA) collection fee, and required him to abide by any additional conditions imposed by the Department of Corrections (DOC) under RCW 9.94A.704 and RCW 9.94A.706. Former RCW 9.94A.703(2)(d) (2018) required an offender to pay the community custody supervision fee assessed by DOC.

Mr. Barragan Vasquez appeals.

## ANALYSIS

### DOUBLE JEOPARDY

Mr. Barragan Vasquez contends his two felony harassment convictions violate double jeopardy because those convictions are for the same offenses as his convictions for assault in the second degree. We disagree.

A double jeopardy claim can be raised for the first time on appeal. *State v. Adel*, 136 Wn.2d 629, 631-32, 965 P.2d 1072 (1998). If separate convictions violate double jeopardy, the lesser conviction must be vacated. *State v. Hughes*, 166 Wn.2d 675,

686 n.13, 212 P.3d 558 (2009). Whether separate convictions violate double jeopardy is a question of law, which we review de novo. *In re Pers. Restraint of Knight*, 196 Wn.2d 330, 336, 473 P.3d 663 (2020).

The double jeopardy clauses of the Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution prohibit multiple punishments for the same offense. *State v. Calle*, 125 Wn.2d 769, 772, 888 P.2d 155 (1995). "Within constitutional constraints, the legislative branch has the power to define criminal conduct and assign punishment for such conduct. Therefore, the question whether punishments imposed by a court, following conviction upon criminal charges, are unconstitutionally multiple cannot be resolved without determining what punishments the legislative branch has authorized." *Id.* at 776 (citation omitted) (citing *Whalen v. United States*, 445 U.S. 684, 688-89, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980)). A reviewing court's task is thus limited to ensuring that the trial court did not exceed its legislated authority by imposing multiple punishments for the same offense. *Albernaz v. United States*, 450 U.S. 333, 344, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981).

"In order to qualify as the 'same offense' for double jeopardy purposes, the two offenses must be the same both in law and in fact." *State v. Arndt*, 194 Wn.2d 784, 815, 453 P.3d 696 (2019) (citing *Calle*, 125 Wn.2d at 777). "Where a defendant's act supports

charges under two criminal statutes, a court weighing a double jeopardy challenge must

determine whether, in light of legislative intent, the charged crimes constitute the same

offense." *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 815, 100 P.3d 291 (2004).

"When determining whether two convictions and sentences violate double

jeopardy, our analysis begins with whether the legislature 'authorized cumulative

punishments for both crimes,' either via 'express or implicit legislative intent.'" *Knight*,

196 Wn.2d at 336 (quoting *State v. Freeman*, 153 Wn.2d 765, 771-72, 108 P.3d 753

(2005)). Here, neither the statute for assault in the second degree nor felony harassment

authorizes these crimes to be punished separately from any related crime. *See*

RCW 9A.36.021; RCW 9A.46.020. Nor have the parties cited any legislative history for

us to infer legislative intent for separate punishments.

If the legislature did not expressly or implicitly authorize cumulative punishments,

we then analyze the conviction under the *Blockburger*[1] test: "'where *the same act or*

*transaction* constitutes a violation of two distinct statutory provisions, the test to be

applied to determine whether there are two offenses or only one, is whether each

provision *requires proof of a fact* which the other does not.'" *Orange*, 152 Wn.2d

at 817 (quoting *Blockburger*, 284 U.S. at 304). Here, RCW 9A.36.021(1)(c) requires an

---

[1] *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

7

assault with a deadly weapon, whereas RCW 9A.46.020 does not.  RCW 9A.46.020

requires a threat to kill, whereas RCW 9A.36.021(1)(c) does not.

But technical differences are not always sufficient to distinguish two crimes under

the same evidence test.  *Hughes*, 166 Wn.2d at 682-84.  The real question is whether,

under the circumstances of the case, each charged offense required proof of a fact that the

other did not.  *Freeman*, 153 Wn.2d at 772; *State v. Hancock*, 17 Wn. App. 2d 113, 120,

484 P.3d 514, *review denied*, 198 Wn.2d 1005, 493 P.3d 739 (2021).  Here, the assault

offense required proof of a different fact—the knife—and the harassment offense

required proof of a different fact—words or conduct that threatened to kill.  We conclude

that the entry and punishment for the two different felonies is not prohibited by double

jeopardy.

SAME CRIMINAL CONDUCT

Mr. Barragan Vasquez contends the trial court erred by failing to find his assault

and harassment of Ms. Pineda-Nunez were the same criminal conduct.  We disagree.

Whether two offenses constitute the same criminal conduct is a consideration at

sentencing and is a different inquiry than whether they violate double jeopardy.  *State v.*

*French*, 157 Wn.2d 593, 611, 141 P.3d 54 (2006).  Two crimes constitute the "same

criminal conduct" if they "require the same criminal intent, are committed at the same

8

time and place, and involve the same victim." RCW 9.94A.589(1)(a). The defendant has the burden of proving two crimes are the same criminal conduct, and we review the sentencing court's decision on the matter for an abuse of discretion or a misapplication of the law. *State v. Graciano*, 176 Wn.2d 531, 537-38, 295 P.3d 219 (2013). "[W]here the record adequately supports either conclusion, the matter lies in the court's discretion." *Id.* at 538.

The trial court determined that Mr. Barragan Vasquez's convictions for threatening to kill and assaulting Ms. Pineda-Nunez with a deadly weapon were not the same course of conduct. It reasoned that there were two incidents involving Ms. Pineda-Nunez—one in the back bedroom and another in the bathroom.

Mr. Barragan Vasquez contends that because the incidents occurred in a continuous sequence of events, they occurred at the same time. This is unconvincing. In *State v. Porter*, 133 Wn.2d 177, 183, 942 P.2d 974 (1997), one of the cases he relies on, our Supreme Court noted that two drug sales "were part of a continuous, uninterrupted sequence of conduct" and "occurred as closely in time as they could without being simultaneous." There, the undercover officer purchasing the drugs "never left the scene" and "immediately" asked to make a second purchase after the first drug sale was complete. *Id.*

9

Here, the assault did not immediately follow the initial harassment. Mr. Barragan

Vasquez threatened to kill Ms. Pineda-Nunez in the back bedroom. His threat was

interrupted when his sister dropped off B.B.P. He then left the house, soon returned,

grabbed a knife from the kitchen, and then used the deadly weapon to assault both Ms.

Pineda-Nunez and their daughter in the bathroom. There was not a continuous,

uninterrupted sequence of conduct between the initial harassment and the later assault.

*Porter* and the other cases cited by Mr. Barragan Vasquez are inapposite. The acts

leading to both convictions arguably did not occur at the same time. Here, the trial

court's determination was well within its discretion.

OFFENDER SCORE

Mr. Barragan Vasquez contends the trial court erred in calculating his offender

score for count 1, count 3, and count 4. The State correctly concedes.

We review a trial court's calculation of a defendant's offender score de novo.

*State v. Mutch*, 171 Wn.2d 646, 653, 254 P.3d 803 (2011).

A trial court calculates an offender score by adding current offenses, prior

convictions, and juvenile adjudications. RCW 9.94A.030(11). When a person is

sentenced for two or more current offenses, the offender score for each current offense

is determined by using all other current and prior convictions as if they were prior

convictions. RCW 9.94A.589(1)(a). However, if the trial court enters a finding that two or more current offenses encompass the same criminal conduct, then those offenses are counted as one offense for scoring purposes. *Id.* "Same criminal conduct" convictions are scored according to whatever yields the highest offender score. RCW 9.94A.525(5)(a)(i).

When calculating the offender score for a present felony domestic violence conviction where domestic violence has been pleaded and proved, certain other current domestic violence convictions count as 2 points toward the offender score. RCW 9.94A.525(21)(a). For purposes of this appeal, these include felony harassment and assault in the second degree. *See id.*

With these rules in mind, we turn to the three challenged offender scores.

*Count 1: Assault in the second degree, domestic violence (Ms. Pineda-Nunez)*

The trial court correctly determined that count 2 (assault 2 (B.B.P)) and count 5 (FH (B.B.P.)) are the same criminal conduct. Because we must count "same criminal conduct" convictions according to what yields the highest offender score, and each count is scored 2 points, this results in 2 points toward the offender score. Add another 2 points for count 4 (FH (Ms. Pineda-Nunez)) because of the domestic violence finding. And add

1 point for count 3 (elude).  Accordingly, the total offender score for count 1 is 2+2+1, or 5.

*Count 3: Attempting to elude*

Count 1 is 1 point.  Count 2 and count 5 are the same criminal conduct, so they are 1 point.  And count 4 is 1 point.  Accordingly, the total offender score for count 3 is 1+1+1, or 3.

*Count 4: Felony harassment, domestic violence (Ms. Pineda-Nunez)*

For count 1 (assault 2 (Ms. Pineda-Nunez)), add 2 points because of the domestic violence finding.  Counts 2 and 5 are the same criminal conduct, but add 2 points because of the assault 2 domestic violence finding.  Count 3, add 1 point.  Accordingly, the total offender score for count 4 is 2+2+1, or 5.

*Count 5: Felony harassment, domestic violence (B.B.P.)*

An appellate court has discretion to address an issue likely to occur on remand. *State ex rel. Haskell v. Spokane County Dist. Ct.*, 198 Wn.2d 1, 16, 491 P.3d 119 (2021). The State notes that the trial court erred in calculating the offender score for count 5 and asserts that the correct offender score is 5.  We agree and exercise our discretion to address this issue.

For count 1 (assault 2 (Ms. Pineda-Nunez)) add 2 points to the offender score because of the domestic violence finding. Count 2 (assault 2 (B.B.P.)) and count 5 (FH (B.B.P)) are the same criminal conduct, so add 2 points because of the domestic violence finding for assault 2. Count 3 (elude), add 1 point. Accordingly, the correct offender score for count 1 is 2+2+1, or 5.

Because the trial court erred in calculating the offender scores for counts 1, 3, 4, and 5, we remand for resentencing.

LEGAL FINANCIAL OBLIGATIONS

Mr. Barragan Vasquez contends the trial court erred by requiring him to pay a domestic violence assessment and the community custody supervision fee. The State concedes error. We disagree in part.

The sentencing court found Mr. Barragan Vasquez indigent and "not able to pay the discretionary costs." 2 RP (July 12, 2021) at 626. A court "shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent." RCW 10.01.160(3). Costs, however, are "limited to expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program . . . or pretrial supervision." RCW 10.01.160(2).

13

The domestic violence assessment is not a cost under RCW 10.01.160 but is instead a penalty assessment under RCW 10.99.080. *State v. Smith*, 9 Wn. App. 2d 122, 127, 442 P.3d 265 (2019). While it is discretionary, the court need not consider the defendant's ability to pay when imposing the condition. *Id.*; RCW 10.99.080(5). Because resentencing is necessary, the trial court can address whether it intended to impose the domestic violence assessment.

While it was a discretionary condition of community custody at the time of Mr. Barragan Vasquez's sentencing, the legislature recently removed the provision that allowed a trial court to impose community custody supervision fees as a condition of community custody. *See* former RCW 9.94A.703(2)(d) (2018); SECOND SUBSTITUTE H.B. 1818, 67th Leg., Reg. Sess. (Wash. 2022). Because his case is not yet final, Mr. Barragan Vasquez may benefit from this change in the law. *See State v. Wemhoff*, 24 Wn. App. 2d 198, 201-02, 519 P.3d 297 (2022). Therefore, the implicit requirement that he pay the community custody supervision fee assessed by DOC should be expressly removed on remand.

No. 38336-9-III
*State v. Barragan Vasquez*

Affirmed and remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____         _____
Siddoway, C.J.                          Staab, J.